CLARA J. STRUTHERS *vs.* CHARLES A. POTTER *et als.*

APRIL 6, 1910.

PRESENT: Dubois, C. J., Blodgett, Johnson, Parkhurst, and Sweetland, JJ.

(1) *Certificate of Title. Evidence. Covenants.*

In an action of trespass and ejectment, the admission of a certificate of title given to plaintiff (mortgagee) by the mortgagor, at the time of the execution of the mortgage, does not constitute ground for reversal, since it was merely a re-affirmation of the covenant against encumbrances in the mortgage deed.

(2) *Statute of Limitations on Right of Redemption After Tax Sale.*

The right to question the validity of a tax sale is not barred after one year, under Gen. Laws, cap. 48, §§ 15 and 16 (now Gen. Laws, 1909, cap. 60, §§ 17 and 18), but these provisions affect only the right of redemption.

TRESPASS AND EJECTMENT. Heard on exceptions of defendant, and overruled.

BLODGETT, J. On April 10, 1908, the plaintiff brought this action of trespass and ejectment, claiming the premises in question, as mortgagee of Franklin P. Owen, by mortgage dated July 20, 1904, the conditions of which were admittedly broken. The defendants resist the action, claiming under a tax deed from the collector of taxes of the city of Pawtucket, dated June 18, 1904, for the unpaid city tax assessed July 10, 1903, to one Albert P. Everett, he then appearing to be the owner of record, and by his deed of January 24, 1907, to the defendant Potter, the other defendants being tenants under Potter.

The trial justice held that the assessment of taxes on July 10, 1903, was illegal and insufficient to support a sale for nonpayment thereof in that no opportunity was offered to make a return of taxable estate subsequent to said date in accordance with the decision of this court in *Matteson* v. *Warwick & Coventry Water Co.*, 28 R. I. 570, and directed a verdict for the plaintiff for possession and ten cents damages, and the defendants have brought the case here on their bill of exceptions.

(1)    The defendant's first exception was to the admission of a certificate of title given to the plaintiff by Owen at the time of his execution of the mortgage.   Since the jury were directed by the court to render the verdict it becomes material to ascertain only whether the court erroneously considered the certificate aforesaid in arriving at its decision.   There is no ground for reversal here, inasmuch as the so-called certificate of title was merely a re-affirmation by Owen of the covenant theretofore contained in the mortgage deed that he was "lawfully seized in fee simple of the said granted premises and that the same are free from all incumbrances."

(2)    The ruling of the trial court as to the legality of the tax assessed July 10, 1903, was clearly correct, and this the defendants concede, but claim, nevertheless, that the present action is not seasonably brought within one year from the tax sale of June 10, 1904, under the provisions of §§ 15 and 16 of cap. 48, Gen. Laws of 1896 (now §§ 17 and 18 of cap. 60, Gen. Laws, 1909), as follows:   "Sec. 15.   The deed of any real estate, or of any interest therein, sold for the payment of taxes, made and executed by the sheriff or collector who shall sell the same, shall vest in the purchaser, subject to the right of redemption hereinafter provided, all the estate, right and title the owner thereof had in and to such real estate at the time said tax was assessed, free from any interest or incumbrance thereon of any person to whom the notice required by the provisions of this chapter shall have been given; and the recitals in such deed shall be evidence of the facts stated.

"Sec. 16.   The person who owned any real estate sold for taxes, at the time of the assessment, or any interest therein, his heirs, assigns or devisees, may redeem the same upon re-paying to the purchaser the amount paid therefor, with twenty per centum in addition, within one year after the sale, or within six months after final judgment has been rendered in any suit in which the validity of the sale is in question: *Provided,* said suit be commenced within one year after such sale."

This construction can not be sustained.   The right to question the validity of a tax sale is not barred by this provision after one year, but the right of redemption upon making the statu-

tory tender is barred unless the action is brought within the year, and if so brought the time of redemption, in case of a decision sustaining the validity of the sale, is extended for a period of six months from the rendering of final judgment in an action so brought.

We are of the opinion that the action is not barred and that the defendants' exceptions should be overruled, and the cause is accordingly remitted to the Superior Court with direction to enter judgment on the verdict.

*Thomas A. Carroll, Walter P. Suesman,* for plaintiff.
*Willis B. Richardson,* for defendants.
*James F. Lavander,* of counsel.