## SLADE v. ROSE.

### (Circuit Court, D. Rhode Island. June 24, 1911.)

#### No. 2,934.

1. TAXATION (§ 805*)—REDEMPTION FROM TAX SALE—TIME TO REDEEM.

Gen. Laws R. I. 1909, c. 60, § 18. providing that the person who owned real estate sold for taxes, at the time of the assessment, or any interest therein, may redeem upon repaying to the purchaser the amount paid therefor with 20 per cent. in addition, within one year after the sale, or within six months after final judgment has been rendered in any suit in which the validity of the sale is in question, provided the suit be commenced within one year after the sale, does not affect the right to question the validity of the tax sale, and imposes no limitation on that right, but affects only the right of redemption.

[Ed. Note.—For other cases, see Taxation, Dec. Dig. § 805.*]

2. TAXATION (§ 696*)—REDEMPTION FROM TAX SALE—STATUTORY PROVISIONS—CONSTRUCTION.

Statutes affording a right to redeem from tax sale are given a liberal construction.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. § 1393; Dec. Dig. § 696.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

3. TAXATION (§ 699*)—REDEMPTION FROM TAX SALE—TIME TO REDEEM.

Under Gen. Laws R. I. 1909, c. 60, § 18, giving the right to redeem from tax sale within one year after the sale or within six months after final judgment in any suit in which the validity of the sale is in question, provided the suit be commenced within one year after the sale, the right of redemption exists throughout the pendency of a suit begun within a year as well as during the six months after final judgment, and is not suspended from the end of the year until the date of the final judgment.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. §§ 1402–1405; Dec. Dig. § 699.*]

4. TAXATION (§ 699*)—REDEMPTION FROM TAX SALE—TIME TO REDEEM.

Under Gen. Laws R. I. 1909, c. 60, § 18, giving the right to redeem from a tax sale within one year after the sale or within six months after the final judgment in a suit in which the validity of the sale is in question, provided the suit be commenced within one year after the sale, the right to redeem within six months after final judgment is not upon condition that in the pending suit the owner shall establish some right.

[Ed. Note.—For other cases, see Taxation, Dec. Dig. § 699.*]

5. TAXATION (§ 699*)—REDEMPTION FROM TAX SALE—TIME TO REDEEM—"FINAL JUDGMENT."

In Gen. Laws R. I. 1909, c. 60, § 18, giving the right to redeem from a tax sale within one year after the sale or within six months after "final judgment" in any suit in which the validity of the sale is in question, provided the suit be commenced within one year after the sale, the term "final judgment" means a final disposition of the suit to test the validity of the sale, and is not to receive such strict interpretation as when used in statutes concerning appeals or writs of error, but covers all judgments, whether before or after hearing on the merits, which put an end to the suit whose pendency defers the vesting of an indefeasible title in the purchaser.

[Ed. Note.—For other cases, see Taxation, Dec. Dig. § 699.*

For other definitions, see Words and Phrases, vol. 3, pp. 2774–2798; vol. 8, p. 7663.]

6. TAXATION (§ 806*)—TAX TITLE—SUIT TO TEST VALIDITY—INTERVENTION.

In an action of ejectment by the owner of land against the purchaser at a tax sale, a mortgagee claiming the right to redeem is not entitled to intervene.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. § 1598; Dec. Dig. § 806.*]

At Law. Action by Mary G. Slade against Almanza J. Rose. Heard on petition of Elbert A. Bennett and another to be allowed to intervene and be made parties plaintiff. Petition denied.

Charles A. Wilson, for plaintiff.
Christopher E. Champlin, for defendant.
Gardiner, Pirce & Thornley, for interveners.

BROWN, District Judge. This is a petition to intervene as plaintiffs in an action of ejectment begun by writ dated January 10, 1910, by the plaintiff as owner in fee of lands in New Shoreham, against the purchaser at a tax sale. Elbert A. Bennett is the mortgagee of record of the land in question, and the American Exchange National Bank is the actual owner of the mortgage; said Bennett merely holding it for the bank.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Chapter 60, § 18, General Laws of Rhode Island of 1909, is as follows:

"Sec. 18. The person who owned any real estate sold for taxes, at the time of the assessment, or any interest therein, his heirs, assigns or devisees, may redeem the same upon repaying to the purchaser the amount paid therefor, with twenty per centum in addition, within one year after the sale, or within six months after final judgment has been rendered in any suit in which the validity of the sale is in question: Provided, said suit be commenced within one year after such sale."

This action was brought by the plaintiff, Mary G. Slade, within one year after the tax sale.

[1] The statute does not affect the right to question the validity of the tax sale, and imposes no limitation on that right, but affects only the right of redemption. Struthers v. Potter, 30 R. I. 444, 75 Atl. 867.

The petitioners desire to avail themselves of the right of redemption, which exists after the expiration of one year, by reason of the fact that a suit was brought by the plaintiff, Mary G. Slade, within the year.

[2, 3] Statutes affording a right to redeem from a tax sale are given a liberal construction. Dubois v. Hepburn, 10 Pet. 1, 23, 9 L. Ed. 325. Upon a literal interpretation, as well as upon a fair interpretation of the statute, a suit brought by any owner within the year preserves the right of redemption for the benefit of that owner and his assigns, as well as of other owners. A reasonable interpretation of the statute requires us to hold that the right of redemption exists throughout the period of the pendency of a suit begun within the year, as well as during the period of six months from and after final judgment.

To hold that the right of redemption exists for a year and then is suspended until the date of final judgment in a suit brought within the year, and then is revived for a period of six months, is to give the statute an unreasonable construction, and to attribute to the Legislature an eccentric intention.

The purpose of the statute is to give an opportunity to test the validity of a tax sale. If the sale is invalid then there is no need of redemption. The six-month extension of the period of redemption is for the benefit of those who cannot invalidate the sale and are forced to redeem or lose their property.

[4, 5] The right to redeem within six months after final judgment is not upon condition that in the pending suit the owner shall establish some right; on the contrary, the provision is valuable only in case of his failure. The character of the provision for the benefit of those whose lands have been sold, by a valid sale, should be kept in mind when we consider what is meant by the term "final judgment" as used in section 18. Obviously it means a final disposition of the suit to test the validity of the sale. The earlier the termination of the suit, the earlier the termination of the attack upon the validity of the sale, the better for the purchaser. The purchaser has no interest in having the case delayed for a trial on the merits in case the plaintiff prefers to enter a judgment of dismissal or discontinuance.

After the expiration of a year, the date of final disposition of a suit brought within the year fixes definitely the expiration of the statutory right of redemption, at a day six months thereafter. It follows that the words "final judgment" are not to receive such strict interpretation as when used in statutes concerning appeals and writs of error, but cover all judgments, whether before or after hearing on the merits, which put an end to the suit whose pendency defers the vesting of an indefeasible title in the purchaser.

[6] The reasons given in support of the petition to intervene are therefore, in my opinion, insufficient.

The petitioner, as mortgagee, is entitled, under the statute, to redeem at any time during the pendency of the present suit, and for the period of six months after its termination by a judgment, rendered before or after hearing, which is final in the sense that it ends the suit and fixes a date for the beginning of the final period of six months. Whether, after the expiration of a year, the petitioners could gain any additional rights by being made parties plaintiff to a suit brought within the year, is doubtful.

Ordinarily an amendment introducing new rights of action must be considered as of the date of its allowance. If these petitioners had independent rights to institute a suit within a year to test the validity of the sale, and have not done so, there is a very serious doubt whether, if added as plaintiffs, the suit as to them could be considered as a suit brought within the year. Unless the suit as it stands inures to their benefit by extending the period of redemption, I doubt if the right to redeem exists or can be secured.

I find it unnecessary to determine whether, under chapter 283, § 23, of the General Laws of Rhode Island, petition of this character may be granted. The dispute between the present plaintiff and the petitioners as to their respective rights at law, would doubtless tend to confuse, if not to change, the issues in the case. Such a departure from the ordinary procedure, if permissible in any case at law, is not justified by the reasons assigned in support of this petition.

Petition for leave to intervene is denied.