BLAINE COUNTY BANK *et al.* v. NOBLE. *et al.*

No. 6628.   Opinion Filed February 8, 1916.

(155 Pac. 532.)

1. **TAXATION—Tax Sale—Validity.** A tax sale of land made at a time other than the time provided by law is void, and conveyances, based upon such sale, made to the purchaser at such sale, and those holding under such purchaser, convey no title to the lands so illegally sold.

2. **SAME — Redemption by Minor — "Belonging" to Them.** The phrase, "belonging to them," as used in section 4649, Comp. Laws 1909, in regard to redemption by a minor of lands sold at tax sale, must be construed to include the interest of a minor who at the time of said sale was a mortgagee of the lands sold.

3. **APPEAL AND ERROR — Record — Demurrer — Waiver.** A demurrer to a pleading will be deemed waived, where the record on appeal does not show that it was called to the attention of the trial court, and there ruled upon.

(Syllabus by Collier, C.)

*Error from District Court, Blaine County;*
*James R. Tolbert, Judge.*

Action by Charles Loren Noble, by Emma G. Noble, his guardian, and another, against Percy A. Burhans and

others, and the Blaine County Bank by leave was made a party defendant. Judgment for plaintiffs, and certain defendants bring error. Affirmed.

*I. H. Lookabaugh*, for plaintiffs in error.

*F. D. Prentice, Seymour Foose*, and *R. C. Brown*, for defendants in error.

Opinion by COLLIER, C. This action was brought by Charles L. Noble, a minor, by Emma G. Noble, his guardian, and J. A. Burhans, trustee, against Percy A. Burhans, Daisy M. Burhans, W. M. Gardner, and E. B. Curtis, as defendants. Plaintiffs sought to recover judgment on promissory notes described in the petition, with interest, and the foreclosure of a mortgage given to secure the same. A demurrer was filed by Gardner and Curtis to the petition, and said cause was set down for trial and tried without said demurrer being called to the attention of the court or being acted upon by the court, which said demurrer was filed about a year prior to the trial of this case. By leave of court, the Blaine County Bank was made a party defendant, and filed its separate answer and cross-petition, in which it claims that it owns the property described in said mortgage by virtue of a conveyance from defendant Gardner to the Watonga State Bank, and from the Watonga State Bank to the said Blaine County Bank, and averred that said Gardner had title to said property under and by virtue of a tax deed executed by the treasurer of Blaine county to him, and attached a copy of said deed to its answer. It is shown by the copy of said deed that the original sale of said property for taxes was held on the third Monday in November, 1909, and at said sale the same was sold to the county; and that on the 12th day of July,

1912, said land was resold and purchased by said Gardner. The notes and mortgage described in the petition were introduced in evidence, and evidence given that said notes were due and unpaid.

The tax deed, against the objection and exception of defendants in error, was introduced in evidence. It was further shown in evidence that the said minor was not 21 years of age at the time of the trial, and that he would not be 21 years of age until July 23, 1914. At the close of the evidence, Mr. Foose, one of the attorneys for said minor, Charles L. Noble, made the following tender in open court:

"If the court requires it to be done, as a condition for the cancellation of this tax deed, we offer and tender into court to pay such amount as the court may find is equitably due or that we should pay in order to have the deed canceled in the way of taxes, penalties, interests, and costs assessed and levied against the property involved in this action, to be disposed of as the court may order or direct. We further, on behalf of plaintiff, guardian and minor Charles L. Noble, on behalf of the minor himself, if the court should find that none of the grounds alleged here in the reply or in the tax deed are sufficient or is sufficient to authorize or require the cancellation of the same, then we offer and tender in court to deposit such an amount as may be found necessary to legally redeem the property involved in this action from the tax sales on which the issuance of the deed is alleged to be based, viz., the sale of November 15, 1909, or the resale of July, 1912; such sum to be deposited when the court may direct, asking the court, however, in both these tenders, to offset against the amount of the same, if it should be required to be made good in court such rent as the evidence shows may have been collected by the Blaine County Bank."

The case was tried to the court, and judgment rendered in favor of defendants in error for $3,657.15 and costs, and the court decreed a foreclosure of said mortgage for the satisfaction of said judgment. The court also ordered, decreed, and adjudged:

"That the tax deed described in the answer of the Blaine County Bank filed herein, being the tax deed issued ·by J. J. Morrison, county treasurer of said Blaine county, to the defendant W. M. Gardner, and dated the 6th day of July, 1912, and recorded in the office of the register of deeds of said Blaine county on the 10th day of July, A. D. 1912, in Book 3 of tax deed records, at page 304, and purporting to convey the above-described real estate to the said W. M. Gardner, and under and by virtue of which the said Blaine County Bank by deed of conveyance from the said W. M. Gardner to the Watonga State Bank, and by deed of conveyance from the Watonga State Bank to said Blaine County Bank, claims in said answer and in said action to be the owner of the said real estate, be and the same is hereby canceled, set aside, and held for naught; and the defendants W. M. Gardner, E. B. Curtis, and the Blaine County Bank are hereby forever barred and divested of possession in or to, against or upon said real estate, and all persons claiming through, under, or by said tax deed, or through, under, or by said defendants W. M. Gardner, E. B. Curtis, and the Blaine County Bank, or either of them, are hereby barred and divested forever of all right, title, interest, right of possession, lien, or claim in, to, against, or upon said real estate, and the said defendant Percy A. Burhans is hereby adjudged to be the sole owner and holder of the legal title, and to have the right of possession in and to said real estate, subject to the judgment herein rendered in favor of the plaintiffs, and subject to their mortgage lien foreclosed herein on behalf of the plaintiff."

· It was further ordered by the court:

"That within 30 days from the rendition of this judgment, either the plaintiffs or the defendant Percy A. Burhans shall pay into the office of the clerk of the said court, for the use and benefit of the defendant the Blaine County Bank, the sum of $129.15, together with interest thereon at the rate of 6 per cent. per annum from July 1, 1912, the total amount including said interest now being the sum of $141.19; and it is further ordered that, if said sum of $141.19 be paid into the office of the said clerk by the defendant Percy A. Burhans, such amount shall then be deducted or credited as a payment on the personal judgment herein rendered in favor of the plaintiffs and against the defendants Percy A. Burhans and Daisy M. Burhans, such amount of $141.19 being included in the amount of said personal judgment."

To said judgment, the defendant Blaine County Bank duly excepted, and filed its motion for new trial, which was overruled and exception duly saved. To reverse said judgment this appeal is prosecuted.

It is insisted that the court erred in not passing upon the demurrer prior to the trial. With this contention we do not agree. In *Perkins v. Perkins*, 37 Okla. 693, 132 Pac. 1097, it is held:

"A demurrer to a pleading will be deemed waived, where the record on appeal does not show that it was called to the attention of the trial court, and there ruled upon."

Again, there was no merit in the demurrer filed but not acted upon; and failure to pass upon it has not resulted in a miscarriage of justice, or constituted a violation of a constitutional or statutory right, and therefore it is not a ground for reversal.

There are several errors assigned which are not argued, and therefore must be regarded as abandoned.

The determining questions to be considered are: (1) Whether or not the tax deed under which said bank held by mesne conveyances from Gardner vested in said bank title to the property described in said mortgage; and (2) whether or not, if said tax sale was valid, the said minor was entitled to redeem, and did redeem, said property from tax sale upon the offer made to the court, and by the court decreed.

The tax deed in evidence shows that the land was offered for sale, and for want of a bidder was bid off in the name of the county for the taxes of 1908 on the third Monday in November, 1909—a time not authorized by statute for the making of such sales. The law in force at the time of such sale is found in section 8 of the General Revenue Law of 1909 (Sess. Laws 1909, p. 610), being section 7637, Comp. Laws 1909, which reads as follows:

"On the first Monday in June in each year between the hours of nine o'clock a. m. and four o'clock p. m. and from day to day thereafter, between the same hours, until completed, the treasurer shall offer at public sale at his office where by law the taxes are made payable, all lands, town lots, or other real property which shall be liable for taxes of any description for the preceding year, or years, and which shall remain due and unpaid."

"It is absolutely essential that the tax sale shall take place on a day duly appointed by law for that purpose, and if otherwise held it is void and of no effect.   *   *   *" (37 Cyc. 1336.)

In *Entrekin v. Chambers*, 11 Kan. 369, it is said.

"There was no law in force in 1859, or indeed at any other time, authorizing a tax sale to be begun and held on the 23rd day of September, 1859, or on the 23rd

day of September of any other year. Hence said sale was void. * * * All the proceedings founded upon such a sale are necessarily void."

In *Park v. Tinkham*, 9 Kan. 616, it is held:

"A tax deed founded upon a tax sale not made at the time or place described by law, is void."

In *Fordyce v. Vickers*, 99 Ark. 500, 138 S. W. 1010, it is held:

"A tax sale made on a day unauthorized by law is void."

In *McLemore v. Anderson*, 92 Miss. 42, 43 South. 878. 47 South. 801, it is held:

"Where a sale of lands to the state for taxes, under Laws 1863, p. 111, c. 7, was made on a day subsequent to that fixed for the sale by the statute, and there was no adjournment of sales from the day fixed to the day of the sale, the sale was void."

Therefore the sale, being made to the county at a time not authorized by law, was illegal; and, since the title to the county failed through this illegality, there was no authority to make a resale of said land; and such resale was invalid, and the tax deed given in pursuance of such resale conveyed no title whatever to the land in controversy to said Gardner and those claiming under him. Consequently, said bank, through its mesne conveyances from said Gardner, acquired no title to said land.

The law of redemption of tax sales, as it existed at the time of the sale in question, is found in section 7649, Comp. Laws 1909, which in part reads:

"The owner of any land sold for taxes, or any other person having legal or equitable interest therein, may redeem the same at any time within two years after the

day of such sale; * * * provided, that infants, idiots, and insane persons may redeem any land belonging to them sold for taxes within one year after the expiration of such disability. * * *"

We are of the opinion that the phrase, "belonging to them," as used in said section 7649, *supra,* includes a mortgage, and therefore, even if the tax sale upon which the said bank predicates its ownership to the land in question was a valid sale—which we hold it was not—that the payment of the money into court for the benefit of said bank for the redemption of said land under the tax sale in question, in accord with the offer of said minor, within one year of reaching his majority, made in open court by his attorney, and the judgment of the court thereon, effectuated a redemption of said land from said tax sale, and utterly destroyed and annulled any right, title, or interest of the purchaser of said land at such tax sale, and all of those holding under him, including the bank.

We quote from 2 Cooley on Taxation, 1023, in respect to the general rules of construction of statutes extending the right to redeem, the following:

"The statutes which give the right are to be regarded favorably and construed with liberality. Abundant reason for this is assigned in the cases which recognize the rule. It has been justly remarked that the right of the government to sell lands for taxes, as it is accustomed to do, can only be maintained on 'the absolute sovereignty of the state in the exercise of its taxing power.' But it is a severe exercise of power. To divest ownership, without personal notice and without direct compensation, is the instance in which a constitutional government approaches most nearly to an unrestricted tyranny. Whatever tends to modify this right is favorable to the citizen, and ought

to be liberally construed, on the principle that remedial statutes are to be beneficially expounded. Redemption is the last chance of the citizen to recover his right of property. Consequently, the right of the party cannot be defeated by any failure of an officer to make the proper record, and sale after a redemption will be a nullity. The owner is not required to redeem from an illegal sale."

And at page 1043 of the same work, it is said:

"The determination of this question may to some extent depend upon the phraseology of the statute. The general rule is that any one may redeem who has in the land an interest which would be affected by the tax conveyance. A statute giving the right to redeem to the 'owner' will be construed to embrace the case of the original owner, notwithstanding there is an outstanding tax title. It may also embrace any one who has a substantial interest in the premises; even a wife having a homestead right in her husband's lands, or a lien creditor, or a purchaser by executory contract. A purchaser at sheriff's sale of the right of one in possession may redeem, though he shows no title in the occupant. And so may a husband who claims in right of his wife; or a dowress, or a mortgagee or his assignee."

In *Lane v. Wright*, 121 Iowa, 376, 96 N. W. 902, 100 Am. St. Rep. 362, it is said:

"The term 'owner,' as used in determining who may redeem from tax sale, has been construed to include mortgagees, judgment creditors, and holders of contingent interests in the land affected by the sale."

In *Seattle v. Blum*, 71 Wash. 530, 128 Pac. 1066, it is said, in effect, that the right given minors to redeem is highly favored in law, and requires a liberal construction in their favor. The rule requiring a liberal construction of the law in favor of redemption is sustained by

the following authorities, in addition to Cooley on Taxation: *Slade v. Rose* (C. C.) 188 Fed. 749; *Gibson v. Pekarek*, 27 S. D. 423, 131 N. W. 728; *Jackson v. Maddox*, 53 Tex. Civ. App. 478, 117 S. W. 185.

"As a general rule, any person may redeem land from a tax sale who has an interest in the property which would be affected by the maturing of the tax title in the purchaser. * * * Even in those states in which the statutory provision is simply that the 'owner' may redeem, this term will be stretched by construction so as to include * * * the holder of almost any substantial estate or interest in the land, although it may be merely contingent or expectant." (37 Cyc. 1384, and authorities there cited.)

Finding no reversible error in the record, this cause should be affirmed.

By the Court: It is so ordered.