## HOLT v. SPICER.

No. 7710—Opinion Filed Dec. 5, 1916.

Rehearing Denied Jan. 30, 1917.

(162 Pac. 686.)

**1. Taxation—Tax Sale—Time—Validity.**

A tax sale of land made at a time other than that provided by law is void.

**2. Taxation—Tax Deed—Invalidity—Limitation.**

A tax deed void upon its face cannot be aided by the statute of limitations.

**3. Taxation—Tax Deed—Action to Cancel—Payment of Taxes.**

An action to cancel a void tax deed may be maintained by a landowner without payment or tender of the taxes, interest, penalties, and costs otherwise required to redeem the land from tax sale.

(Syllabus by Bleakmore, C.)

Error from District Court, Mayes County; Preston S. Davis, Judge.

Action by F. C. Holt against Elijah F. Spicer. Judgment for defendant, and plaintiff brings error. Affirmed.

Geo. S. Ramsey, Edgar A. de Meules, Malcolm E. Rosser, and Sol H. Kauffman, for plaintiff in error.

Neff & Neff and Fred S. Zick, for defendant in error.

Opinion by BLEAKMORE, C. On November 5, 1914, F. C. Holt filed his petition in this action alleging that he was the owner and in possession of 80 acres of land, by virtue of a tax deed of date September 4, 1912, seeking to quiet title thereto, and praying other relief against Elijah F. Spicer, who he declared was asserting title to the same.

The tax deed, in statutory form, which was made a part of the petition as an exhibit, contains the following recital:

"Whereas, F. C. Holt, did on the 4th day of September, A. D. 1912, produce to the undersigned, J. B. Dunham, treasurer of the county of Mayes, in the state of Oklahoma, a certificate of purchase in writing, bearing date of the 22d day of July, 1910, signed by J. E. Bristow, who at the last-mentioned date was treasurer of said county, from which it appears that F. C. Holt did on the 22d day of July, 1910, purchased at public auction at the county treasurer's office in said county, the tract, parcel or lot of land lastly in this indenture, and which lot was sold to F. C. Holt for the sum of fifteen and twenty-five one-hundred dollars, being the amount due on the following tract or lot of land, returned delinquent for nonpayment of taxes, costs. and charges for the year 1909, to wit, S. 2, N. W. 4 of Sec. 15, Twp. 19, R. 18, all in Mayes county, state of Oklahoma."

Defendant filed his answer and cross-petition seeking the cancellation of said tax deed as a cloud upon his title, etc., and alleging in substance that he, and not the plaintiff, was in possession of the land in question; that the sale of said lands for delinquent taxes could not legally have been had on the 22d day of July, 1910; that no legal levy was had in the year 1909, and the lands were not sold in the manner assessed; that the property sold for a greater amount than the taxes pretended to be assessed against it; that said land was not advertised before being sold; that while said land was pretended to be assessed as one parcel it was sold in two; that no notice of application for a tax deed was given defendant; that the tax sale certificate was not returned and filed in the office of the county clerk, and no notation as required by law was made by said clerk; and that none of the things required by law to be done before a valid deed could be legally issued to the plaintiff upon said land were done. Plaintiff failed to reply to the answer, or to answer the cross-petition of defendant.

On the day the case was regularly set for trial, the following judgment was rendered:

"* * * The plaintiff appears not in court at the trial, but the defendant appears in person and by his attorneys before named, and the court proceeds to try said cause, and the evidence is heard, and the court after hearing the evidence finds the issues against the plaintiff and in favor of the defendant and finds that the defendant is entitled to the relief prayed for in his answer and cross-petition and finds that the amount of all the taxes, penalties, interest, and costs which the defendant is required to pay as a condition of the cancellation of the tax deed involved in the action is the sum of $18.97, and that the defendant is entitled to judgment canceling the tax deed involved in this action and forever quieting the title of the defendant to the land described in the plaintiff's petition and in the defendant's cross-petition and awarding him the costs of the action, and the defendant having paid to the clerk of this court said sum of $18.97. It is ordered, adjudged, and decreed. * * *"

At the close of the evidence the trial judge reviewed the same and stated his opinion as to the law and fact. This statement is incorporated in the case-made, and we are asked to consider the alleged erroneous views expressed therein. This we may not do.

"Where, at the conclusion of a trial had before the court without a jury, the court orally reviews the evidence and expresses its opinions upon the laws and the facts involved in the case, and where there are no special

findings of fact and conclusions of law asked for, and where the findings and judgment of the court are embodied in a journal entry, the oral opinion expressed by the court performs no office in a case-made, and cannot be considered by this court on appeal from a judgment of the trial court." Guss v. Nelson, 14 Okla. 296, 78 Pac. 170.

It will be noted that the tax sale was made and the certificate of purchase issued on July 22, 1910.

By section 4, c. 73, S. L. 1910, effective June 17, 1910 (Rev. Laws, sec. 7398), it is provided:

"On the first Monday in November in each year between the hours of nine o'clock a. m. and four o'clock p. m., and from day to day thereafter, between the same hours, until completed, the treasurer shall offer at public sale at his office where by law the taxes are made payable, all lands, town lots or other real property which shall be liable for taxes of any description for the preceding year, or years, and which shall remain due and unpaid."

It will thus be seen that the tax sale in question was made at a time not provided by the statute, and therefore both such sale and the tax deed based thereon were void.

"A tax sale of lands made at a time other than the time provided by law is void, and conveyances, based upon such sale, made to the purchaser at such sale, and those holding under such purchaser, convey no title to the lands so illegally sold." Blaine County Bank v. Noble, 55 Okla. 361, 155 Pac. 532.

It seems unnecessary for the purposes of this case to advert to the other reasons for which it is contended the tax deed in question is void.

Plaintiff contends that the provision of the statute limiting the time within which an action may be commenced against the holder of a tax deed is available to him as a defense, although not pleaded, for the reason that such provision is incorporated with the remedy of defendant so as to make an integral part thereof, which constitutes a condition the existence of which is necessary to the maintenance of the action on his cross-petition.

Regardless of the general doctrine that the defense of the statute of limitations is waived by failure to plead the same, plaintiff's position here is untenable, for the reason that "a tax deed which is void upon its face cannot be aided by the statute of limitations." Keller v. Hawk, 19 Okla. 407, 91 Pac. 778.

In Lowenstein v. Sexton, 18 Okla. 322, 90 Pac. 410, it is said:

"This was an action to quiet title to the premises in question, in the plaintiff under his tax deed, which being void upon its face justified the defendant in bringing that fact to the notice of the court by his answer, regardless of the provisions of the statute limiting the time in which an action might be brought to test the validity of a tax deed. Such a deed is not in fact a cloud upon the title, and the court could not upon the facts disclosed quiet the title in the plaintiff and was justified in entering judgment canceling the same."

Plaintiff also insists that the judgment is erroneous in that it awards plaintiff interest at the rate of 6 per cent. instead of 18 per cent. on the sum expended in the purchase of the land at the tax sale. Such difference is trifling. However, as we have seen, the deed of the plaintiff was void; and, "where a tax deed is void," it is not necessary that the owner, in an action to cancel the same, tender or pay the taxes, interest, penalties, and costs required to redeem the land from tax sale." Davenport v. Doyle, 57 Okla. 341, 157 Pac. 110.

There being no prejudicial error in the proceedings, the judgment of the court below is affirmed.

By the Court: It is so ordered.