**UNION SAVINGS ASS'N v. CUMMINS et al. (five cases).**

Nos. 8354, 8596-8599—Opinion Filed Dec. 10, 1918.

Rehearing Denied Jan. 28, 1919.

(177 Pac. 901.)

**1. Taxation—Tax Sale—Validity — Rights of Purchaser.**

A tax sale of land, made at a time other than the time provided by law, is void, and conveyances based upon such sale, made to the purchaser at such sale, and those holding under such purchaser, convey no title to the land so illegally sold—following Blaine County Bank et al. v. Noble et al., 55 Okla. 361, 155 Pac. 532.

**2. Taxation—Action to Avoid Tax Deed—Application of Statute.**

Section 7419, Rev. Laws 1910, which provides that an action to avoid a tax deed shall be commenced within one year after the recording of such deed, does not apply to an action to avoid a void tax deed.

(Syllabus by Collier, C.)

Error from District Court, Jefferson County; Cham Jones, Judge.

Five separate actions by the Union Savings Association against B. V. Cummins and others. Demurrer as to second and third grounds of reply sustained, and plaintiff in each action brings error. Reversed and remanded.

Geo. M. Nicholson, for plaintiff in error.

Guy Green and Bridges & Vertrees, for defendants in error.

Opinion by COLLIER, C. Each of the above-stated cases is between the same parties and involves identical legal questions, and though each case is submitted on an independant brief, all of said five briefs are verbatim, the only difference in the several cases being that each case involves a different tract of land, and we will therefore consider all of said cases together. Each of said actions seeks to foreclose a certain building and loan mortgage executed to said corporation by B. V. Cummins and Laura Cummins, his wife, on March 10, 1909, to secure the payment of $850 and interest and attorney's fees.

W. J. Chubbusk, one of the defendants, who claimed to be the owner of the land described in the mortgage, answered, and set up an affirmative defense, averring that he is the owner of the lands described in plaintiff's petition, and deraigns his title thereto as follows:

"First, By tax deed from Jim E. Howard, county treasurer of Jefferson county, Oklahoma, to H. W. Lemons, dated August 20, 1912, and filed for record August 20, 1912, in Jefferson county, Oklahoma, a copy of which is hereto attached, marked Exhibit A.

"Second. By quitclaim deed from H. W. Lemons to W. J. Chubbuck, dated the 6th day of June, 1913, and filed for record March 13, 1914, a copy of which is hereto attached, marked Exhibit B, and made a part hereof.

"Third. Defendant would further show that he and those under whom he claims have been in the quiet, actual, notorious, and peaceable possession of said property for more than one year before the filing of plaintiff's petition, and that neither plaintiff nor any one acting for it has ever paid or tendered defendant any taxes, penalties, or costs, mentioned in said plaintiff's tax deed, by reason whereof plaintiff is barred from prosecuting this action, by section 7419 of the Revised Laws of 1910 of the state of Oklahoma."

The tax deed, which is attached as exhibit to said answer, shows that the land was sold upon the 18th day of June, 1910, for the delinquent taxes of 1909.

To the said answer the said association filed reply, and among other averments therein states and alleges:

"That said tax sale and said tax deed are absolutely null and void, and that said tax deed shows upon its face that it is null and void, and that said defendant W. J. Chubbuck acquired no right, title, or interest in or lien upon said premises by reason thereof. * * * Further replying herein, said plaintiff states and alleges that said pretended tax deed shows on its face that said lots, tract, or parcels of land were sold by the treasurer of said Jefferson county, state of Oklahoma, to said county, for taxes for the year 1909, at a tax sale held at the office of said county treasurer on the 18th day of June, 1910, between the hours of 9 o'clock a. m. and 4 o'clock p. m. of said day; and plaintiff avers that no tax sale could legally be held on said 18th day of June, 1910, that under the laws of the state of Oklahoma, in force at said time and on said day, a sale for taxes could not be legally held until on or after the first Monday of November, 1910, and that said sale so held is absolutely void."

Defendant demurred to said reply, and assigns as grounds thereof—together with other grounds—the following:

"Second. Said defendant also demurs to that part of plaintiff's reply which charges fraud and collusion between B. V. Cummins, Laura Cummins, H. W. Lemons, and W. J. Chubbick, for the reason that it shows upon the face of said reply that the fraud at-

tempted to be charged, if any, was perpetrated more than two years prior to the filing of said action, and if said plaintiff acquired any rights or causes of action or defense by reason thereof, the same was barred by the statutes of this state long prior to the filing of said petition and the filing of said reply.

"Third. Said defendant demurs to each and every paragraph of said reply wherein the validity of the tax deed from the county treasurer of Jefferson county, Oklahoma, to H. W. Lemons is sought to be attacked, for the reason that it appears on the face of said reply that said deed was filed for record more than two years prior to the institution of said action and to the filing of said reply, and said plaintiff is barred under the statutes of the state of Oklahoma, which is hereby pleaded, from attacking said deed for any of the reasons mentioned and alleged in said reply."

On the 18th of March, 1916, the court sustained said demurrer as to the second and third grounds thereof, to which plaintiff excepted, and brings these several causes here by transcript for review.

The plaintiff assigns the following errors:

"First. That said district court erred in sustaining said second and third paragraphs and grounds of demurrer contained in the demurrer of said defendant in error W. J. Chubbuck to the reply of said plaintiff in error.

"Second. That the said district court erred in not overruling the second and third paragraphs and grounds of demurrer, contained in the demurrer of said defendant in error to the reply of said plaintiff in error.

"Third. That the decision, order, and judgment of said district court is contrary to law."

In the instant case the sale was made on the 18th day of June, 1910, for delinquent taxes for 1909 a time at which a tax sale was not authorized by law to be made; the law prescribing that a sale for taxes for the year for which the lands in question were sold must be made on the first Monday in November, and from day to day thereafter, as at the time said sale was made, the law was as amended by chapter 73 of Session Laws 1910, which became effective June 17, 1910, and which reads as follows:

Section 8, art. 9, amended: "That section 8 of article 9, of an act entitled 'An act to provide for raising and collecting revenue for the fiscal year ending June 30, 1910, and for each fiscal year thereafter, and to codify and revise the laws of the state relating to revenue, and declaring an emergency,' approved March 10, 1909, be and the same

hereby is amended to read as follows: On the first Monday in November in each year, between the hours of 9 o'clock a. m. and 4 o'clock p. m. and from day to day thereafter, between the same hours, until completed, the treasurer shall offer at public sale at his office, where by law the taxes are made payable, all lands, town lots or other real property which shall be liable for taxes of any description for the preceding year or years, and which shall remain due and unpaid."

In Holt v. Spicer, 65 Okla. 17, 162 Pac. 686, the tax deed recited that the sale was on July 22, 1910, for the taxes of 1909, and in said case it was held that both the sale and the tax deed made thereon were void. It follows that the several tax deeds set up as defenses in the instant cases, being based upon a void tax sale, were each absolutely void and conferred no title whatever upon H. W. Lemons, the grantee in such deeds, and said defendant Chubbuck, acquired no title to any of said lands by reason of the quitclaim deeds—based upon said tax deeds —executed to him by said Lemons.

"A tax sale of land made at a time other than the time provided by law is void, and conveyances, based upon such sale, made to the purchaser at such sale, and those holding under such purchaser, convey no title to the land so illegally sold." Blaine County Bank et al. v. Noble et al., 55 Okla. 361, 155 Pac. 532.

"A tax sale of land made at a time other than that provided by law is void." Holt v. Spicer, supra.

In Black on Tax Titles (2d Ed.) § 221, it is said:

"For the cases all hold that, to sustain a tax title, it is not only necessary that there should have been a sale in fact, at which the land was publicly offered, but it is absolutely essential that the sale should have taken place upon a day duly appointed by law for that purpose, and if otherwise held, it is void and of no effect for any purpose."

And therefore the court committed reversible error in sustaining said third ground of demurrer to the reply.

Section 7419, Rev. Laws 1910, pleaded by defendant Chubbuck as a bar of the actions, and which provides that an action to avoid a tax deed shall be commenced within one year after the recording of such deed, does not apply to an action to avoid a void tax deed.

"A tax deed void upon its face cannot be aided by the statute of limitations." Holt v. Spicer, supra.

Hence in the instant cases the action was

not barred, and the court committed reversible error in so holding, in sustaining the said third ground of demurrer.

As the tax deeds in question are void, the second ground of demurrer is immaterial. and it is unnecessary to discuss the same.

For the error pointed out, these several cases (numbered 8354, 8596, 8597, 8598, and 8599, respectively), are each reversed and remanded.

By the Court: It is so ordered.