## PERRY v. SNYDER et al.

No. 8565.—Opinion Filed May 3, 1919.

Petition for Rehearing Denied May 27, 1919.

(Syllabus by the Court.)

1. Taxation—Tax Sale—Tax Deed—Validity.

A sale of land for delinquent taxes at a

time not authorized by statute is void, and a tax deed based thereon is a nullity.

**2. Judgment—Title of Plaintiff—Default Judgment—Reversal.**

Where a petition in ejectment shows on its face that plaintiff has no title to the premises sued for, a judgment by default in plaintiff's favor is erroneous, and will be reversed.

**3. Appeal and Error—Sufficiency of Petition—Objection.**

An objection that a petition does not state a cause of action may be urged for the first time on appeal.

**4. Taxation—Invalid Tax Deed—Grantee's Action for Possession — Payment of Taxes.**

Where a tax deed is void, it is not necessary to pay or tender the taxes, interest, and costs which have been paid by the grantee in said deed in order to defeat an action by such purchaser for possession of the property described therein.

Error from District Court, Pontotoc County; George C. Crump, Assigned Judge.

Ejectment by H. R. Snyder against Elizabeth Perry and others. Demurrer to amended answer sustained, and default judgment for plaintiff, and defendant Elizabeth Perry brings error. Reversed and remanded with directions to enter judgment for defendant.

C. F. Green, for plaintiff in error.

J. F. McKeel, for defendants in error.

HARDY, C. J. H. R. Snyder sued Elizabeth Perry and others in ejectment for certain lands in Pontotoc county. Demurrer was sustained to defendant's amended answer, after which defendants were adjudged to be in default, and judgment was rendered for plaintiff and defendant Elizabeth Perry prosecutes error.

Plaintiff claims title to the premises by virtue of a tax deed issued to him by the county treasurer of Pontotoc county, bearing date of July 23, 1914. The deed is attached to and made a part of the petition. It appears from the recitals in the face of the deed that the premises were sold on September 6, 1910. By section 4, c. 73, Sess. Laws 1910, which went into effect June 17, 1910 (Rev. Laws 1910, sec. 7398), it is provided that tax sales shall commence on the first Monday in November in each year between the hours of 9 o'clock a. m. and 4 o'clock p. m., and be continued from day to day between the same hours until all the lands subject to taxation upon which taxes remain unpaid shall be sold. The sale in the case at bar was at a time not provided by statute, and was therefore unauthorized, and said sale and the deed based thereon were void.

Holt v. Spicer, 65 Oklahoma, 162 Pac. 686; Blaine Co. Bank et al. v. Noble et al., 55 Okla. 361, 155 Pac. 532.

The petition showed on its face that the deed under which plaintiff claimed was void, and therefore conveyed no interest in or title to the premises therein described. Spalding v. Hill, 47 Okla. 621, 149 Pac. 1133. The petition, therefore, failed to state a cause of action in favor of plaintiff and the judgment by default in plaintiff's favor was erroneous, and will be reversed. Clark v. Holmes, 31 Okla. 164, 120 Pac. 642, Ann. Cas. 1913D, 385.

An objection that the petition does not state facts sufficient to constitute a cause of action is not waived by failing to urge such objection in the trial court, but may be urged for the first time in the Supreme Court. Section 4742, Rev. Laws 1910; Zahn v. Obert, 60 Okla. 118, 159 Pac. 298.

Defendant was not required to pay or tender the taxes, interest, and costs which had been paid by plaintiff in order to defeat his action, because the deed under which plaintiff claimed was void. Davenport et al. v. Doyle, 57 Okla. 341, 157 Pac. 110; Holt v. Spicer, 65 Oklahoma, 162 Pac. 686.

The judgment is reversed, and the cause remanded, with directions to enter judgment for defendant.

All the Justices concur.