### GULAGER et al. v. COON.

No. 14288—Opinion Filed Sept. 18, 1923.

#### 1. Taxation—Deed—Invalidity.

A tax deed which shows upon its face that it is based upon a sale of land for delinquent taxes, at a time not authorized by statute, is a nullity.

#### 2. Same—Statute of Limitations.

Where a tax deed is void on its face, the statute of limitations will not run in favor of the holder of it.

**3. Same—Right of Redemption.**

Under the provisions of section 9749, Comp. Stat. 1921, the execution and delivery by the county treasurer of a resale tax deed void upon its face does not operate to prevent the owner of the land from redeeming said land from annual sales for delinquent taxes assessed against it for previous years.

**4. Same—Void Deed — Tender of Delinquent Taxes by Owner—Refusal—Invalidity of Correction Deed.**

Where, pursuant to the provisions of said section 9749, Comp. Stat. 1921, and subsequent to the execution of a void resale tax deed, a tender of the delinquent taxes assessed against a tract of land which said void tax deed purports to convey is made by the owner to the county treasurer and refused, another deed executed by the county treasurer after the tender is made for the purpose of correcting the prior void deed, is inoperative for any purpose and will be cancelled and set aside as a cloud on the title.

(Syllabus by Foster, C.)

Commissioners' Opinion, Division No. 5.

Error from District Court, Muskogee County; Guy F. Nelson, Judge.

Action by L. L. Coon against M. M. Gulager et al. to cancel tax deed. Judgment for plaintiff, and defendants appeal. Affirmed.

Robert E. Jackson, for plaintiffs in error.

J. C. Stone, C. A. Moon, and Francis Stewart, for defendant in error.

Opinion by FOSTER, C. This was an action to cancel a resale tax deed to lot six (6), block three (3) in the town of Braggs, Muskogee county, Okla. M. N. Gulager, plaintiff in error, claims title to the lot in question through a tax deed executed to her by the county treasurer of Muskogee county on May 4, 1920, and filed for record on May 5, 1920. It appears that the lot was sold for delinquent taxes at annual tax sale for the year 1911, 1912, 1913, 1914, 1915, 1916, 1917, and 1918, pursuant to which the resale tax deed in controversy was issued.

The petition was filed in the district court of Muskogee county on the 28th day of December, 1921, by the defendant in error as plaintiff below, against the plaintiffs in error, defendants below. During the pendency of the action in the court below before the issues had finally been made up, the plaintiffs in error obtained a second deed from the county treasurer of Muskogee county for the purpose of correcting and as a substitute for the prior resale tax deed, whereupon the defendant in error filed his second amended petition in which it was sought to cancel both deeds.

The petition alleged that plaintiff below had tendered all taxes, interest, and penalties due on the property to the county treasurer of Muskogee county before the filing of the suit, and further tendered the plaintiff in error, Gulager, the sum of $103 to repay her for the tax deed, and prayed a cancellation of both deeds.

Issues were joined and the trial had to the court and resulted in a judgment in favor of the defendant in error canceling both deeds, charging the plaintiffs in error with certain rentals which had accrued from the property since the execution of the tax deed in question, and crediting the plaintiff in error Gulager with the sum of $103 paid by her for the tax deed, against the rentals which had accrued from the property. The cause has been brought regularly on appeal to this court.

The decisive question for determination is whether the first deed is void on its face.

The original tax deed, as disclosed by the record, shows that the resale was made on December 2, 1919. Section 9744, Comp. Stat. of 1921, section 4, chapter 30, Session Laws 1919, provides that resales provided for in the act shall be held on the fourth Monday of November of every year in each county. This court has repeatedly held that a tax deed which shows on its face that a tax sale was made at a time other than that provided by statute is void. Blaine County Bank v. Noble, 55 Okla. 361, 155 Pac. 532; Holt v. Spicer, 65 Okla. 17, 162 Pac. 686; Perry v. Snyder 75 Okla. 24, 181 Pac. 147; Union Savings Association v. Cummins, 78 Okla. 265, 177 Pac. 901.

In Blaine County Bank v. Noble, supra, it is said in the syllabus:

"A tax sale of land, made at a time other than the time provided by law, is void, and conveyances based upon such sale, made to the purchaser at such sale, and those holding under such purchaser, convey no title to the land so illegally sold."

It is true that this court has held in the case of Ledegar v. Bockoven, Co. Treas., 77 Okla. 58, 185 Pac. 1097, that a tax resale, if commenced on the fourth Monday in November, may be continued from day to day, but the deed in question does not show that the sale commenced on the day provided for by law and that it was continued from day to day. The only recitation in the original deed is that the sale was made on the 2nd day of December, which is a day other than that provided by law, and without a showing that the sale was commenced on the proper date and continued from day to day.

Before a tax deed is entitled to be received as presumptive evidence of the recitals there-

in contained and to put the party seeking to defeat the deed upon proof that some necessary step in the proceedings had been omitted, the tax deed must affirmatively show all of the jurisdictional requirements and proceedings leading up to and resulting in the deed. If the deed omits to recite any one of the statutory requirements upon which the validity of the deed depends, it is void upon its face and no presumption can be indulged that any of the necessary and omitted proceedings have been taken. It is only when all of the jurisdictional requirements and proceedings are stated that such presumption arises.

To reverse the judgment it is urged that the action should have been begun under the provisions of section 9753, Compiled. Stat. of 1921, within one year after the recording of the tax deed. This statute has no application where the deed is void on its face. Blanchard v. Reed et al., 67 Okla. 137, 168 Pac. 664; Union Savings Association v. Cummins. et al., 78 Okla. 265, 177 Pac. 901; Hill v. Turnverein Germania of Oklahoma City et al., 77 Okla. 242, 187 Pac. 920; Holt v. Spicer, 65 Okla. 17, 162 Pac. 686.

If our conclusion is correct that the original tax deed is void on its face, it follows that the county treasurer should not have issued the second deed.

Section 9747, Comp. Stat. 1921, provides, in part, as follows:

"The owner of any land sold for taxes, or any person having legal or equitable interest therein, may redeem the same * * * at any time before the execution of a deed of conveyance therefor by the county treasurer, by paying the treasurer for the use of the purchaser, his heirs or assigns, the sum mentioned in this certificate, and interest thereon at the rate of eighteen per cent. (18%) per annum from the date of purchase, together with all other taxes subsequently paid, whether for any year or years previous or subsequent to said sale and interest thereon at the same rate from date of such payment. * * *"

The record discloses that the defendant in error made a tender to the county treasurer of the taxes, interest, and penalties due and unpaid and assessed against the property in controversy before the bringing of any action to cancel the deed, which tender was refused by the county treasurer. In contemplation of law no deed of conveyance had ever been made by the county treasurer at the time the defendant in error tendered these taxes. Hutchison v. Brown. 66 Okla. 250, 167 Pac. 624.

The original resale tax deed to the plaintiff in error being void. it was as much the duty of the county treasurer to accept the tender made as it would have been his duty to receive payment had no deed of conveyance in fact ever issued. Equity will consider "as done that which ought to have been done." Hence, it follows under familiar principles that the county treasurer executed and delivered the second deed to the plaintiff in error under exactly the same circumstances as if he had executed and delivered a deed purporting to convey property against which all taxes had been paid by the owner and which had been legally discharged of all tax liens.

It follows that the second deed, irrespective of whether such deed is void on its face, is nevertheless inoperative because it was executed and delivered at a time when the property it purported to convey had been relieved and discharged by the owner of all existing tax burdens.

The objection of counsel for plaintiffs in error that these taxes should have been tendered to Gulager instead of to the county treasurer is untenable.

Having found that no rights whatever passed to Gulager under the void tax deed which had been issued and delivered to her by the county treasurer, the parties were left in precisely the same position they would have occupied had no deed whatever been executed and delivered, and the defendant in error was acting entirely within his rights and within the law when he made his tender to the county treasurer of the delinquent taxes assessed against his property. The only equity which the plaintiffs in error had in the premises was to be reimbursed for the $103 which Gulager had paid for her deed. This the court in its decree allowed, together with the improvements which her tenant had placed upon the land out of the rentals which had accrued during the subsistence of the tax deed and the pendency of the litigation resulting from it. In this we think the court did substantial justice. and that the plaintiffs in error have no cause to complain of the judgment of the trial court.

For the reasons stated in the opinion, the judgment of the trial court is affirmed.

By the Court: It is so ordered.