## WILEY v. BARTLETT MORTGAGE CO. et al.

No. 20716. Opinion Filed Jan. 19, 1932.

J. D. Chastain, for plaintiff in error.

Carl Kruse and Melton & Melton, for defendants in error.

CULLISON, J. Plaintiff instituted suit to foreclose a real estate mortgage against Anna Wimberly, record owner, and other defendants, including P. A. Wiley, the holder of a tax deed on the property covered by said mortgage. Defendant Wiley filed a separate answer and cross-petition to plaintiff's petition in which he denied plaintiff's cause of action, pleaded his tax title as a defense, and prayed that said title be quieted in him. Defendant Wimberly answered plaintiff's petition admitting the execution of the note and mortgage and that the same were unpaid, but demanded strict proof of all the other allegations in plaintiff's petition.

Defendant Wimberly also filed an answer to the cross-petition of the defendant Wiley, wherein she attacked the validity of the tax title held by Wiley.

Plaintiff filed its reply to the answer of defendant Wiley, and denied the validity of the tax deed pleaded by Wiley, and also a reply in the nature of a general denial to the answer of the defendant Wimberly.

The court permitted amended pleadings to be filed up to the date said cause was set for hearing on January 9, 1929. On said date the defendant Wiley filed a demurrer to the amended answer of defendant Wimberly and defendant Wimberly was permitted to amend her answer by interlineation, whereupon the court overruled the demurrer, at which time defendant Wiley filed a reply to the answer of the defendant Wimberly. Thereupon the defendant Wiley requested that the court pass said cause for the reason the issues had not been made up for 10 days and he was not ready to proceed to trial, as the issues had not been joined in time to get ready for trial. The court overruled said request and the cause proceeded to trial, resulting in judgment in favor of plaintiff on its note and mortgage and a judgment canceling the tax deed of Wiley, from which judgment defendant Wiley appeals to this court.

Defendant Wiley submits two propositions in substantiation of his appeal for the reversal of the lower court.

### First Proposition.

"The court erred in requiring the defendant Wiley, over his objection, to proceed to trial on the day the issues were made up."

### Second Proposition

"The court erred in refusing to admit in evidence the tax deed and holding the deed void on its face."

In considering the first assignment of error we find that the issues in said cause were made up long before the date of trial, but that after the issues were joined the court permitted amended pleadings to be filed in said cause, and because said amended pleadings were filed in said cause just prior to the time said case was set for trial, defendant Wiley claims that said cause should have been stricken from the trial assignment under section 582, C. O. S. 1921, which provides:

"Actions shall be triable at the first term

of court, after or during which the issues therein, by the time fixed for pleading, are or shall have been made up. When the issues are made up, or when the defendant has failed to plead within the time fixed, the cause shall be placed on the trial docket; and if it be a trial case shall stand for trial at such term ten days after the issues are made up, and shall, in case of default, stand for trial forthwith. When any demurrer shall be adjudged to be frivolous, the cause shall stand for hearing or trial in like manner as if an issue of fact had been joined in the first instance."

Defendant contends that, since his demurrer was overruled on the date said case was called for trial and he thereafter secured permission to file reply in said cause, the issues were not made up within the terms of section 582, C. O. S. 1921, and that he was entitled to a continuance under the said section.

However, in the case of Ray v. Richards-Conover Hardware Co., 133 Okla. 294, 272 P. 1021, this court held:

"When the issues have once been fully made up by the filing of pleadings, or by failure to file them, the provision of section 582, C. O. S. 1921, that a cause stands for trial whenever the issues have been made up for a period of 10 days, has spent its force, and thereafter any change in the issues, caused by the filing of new or amended pleadings by leave of the court or consent of the parties, does not, by reason of said section, necessarily work a delay of the trial."

Under the holding of this court construing section 582, C. O. S. 1921, the issues had been made up long prior to the time the case at bar was called for trial, and any new pleadings or amended pleadings that were filed after the issues were made up in said cause would not entitle defendant to a ten days' extension from the date of filing, as contended by defendant.

It is a matter of discretion with the court whether or not he permits amended pleadings to be filed, but where amended pleadings are permitted to be filed or new pleadings are filed out of time, the granting of time for preparation for trial is discretionary with the trial court, and in the absence of an abuse of discretion the denial thereof will not be grounds for reversal.

Defendant's second assignment of error deals with the tax deed issued to defendant Wiley. The tax deed shows that the land in question was purchased by the county treasurer of Grady county at a sale, held November 18, 1922, and that Wiley purchased all the right, title, and interest of Grady county in and to said certificate on April

15, 1927. Wiley proceeded to and secured a tax deed on said certificate dated June 29, 1927, and filed for record in the office of the county clerk of Grady county on June 30, 1927.

Plaintiff's petition was filed on October 8, 1927, so that the one-year statute had not run as to the tax deed.

Section 9732, C. O. S. 1921, provides:

"On the first Monday in November in each year between the hours of nine o'clock a. m. and four o'clock p. m., and from day to day thereafter, between the same hours, until completed the treasurer shall offer at public sale at his office where by law the taxes are made payable, all lands, town lots, or other real property which shall be liable for taxes of any description for the preceding year, or years, and which shall remain due and unpaid."

Under the provisions of said section, it is mandatory that said sale begin on the first Monday in November and at no other date.

However, when the sale is commenced in accordance with law, it can be continued from day to day until completed.

In the case at bar the tax deed shows the sale occurred on November 18, 1922, which would not be the first Monday in November. There is no further showing or evidence in the record which would remedy this defect in said date by showing that the sale was actually commenced on the first Monday in November of the year 1922, and continued from day to day until November 18, 1922.

In the case of Perry v. Snyder, 75 Okla. 24, 181 P. 147, this court held:

"A sale of land for delinquent taxes at a time not authorized by statute is void, and a tax deed based thereon is a nullity."

In the body of the opinion, the court said:

"Plaintiff claims title to the premises by virtue of a tax deed issued to him by the county treasurer of Pontotoc county, bearing date of July 23, 1914. The deed is attached to and made a part of the petition. It appears from the recitals in the face of the deed that the premises were sold on September 6, 1910. By section 4, c. 73, Sess. Laws 1910, which went into effect June 17, 1910 (Rev. Laws 1910, sec. 7398), it is provided that tax sales shall commence on the first Monday in November in each year between the hours of 9 o'clock a. m. and 4 o'clock p. m., and be continued from day to day between the same hours until all the lands subject to taxation, upon which taxes remain unpaid, shall be sold. The sale in the case at bar was at a time not provided by statute, and was therefore unauthorized.

and said sale and the deed based thereon were void. Holt v. Spicer, 65 Okla. 17, 162 P. 686; Blaine Co. Bank v. Noble, 55 Okla. 361, 155 P. 532."

Since there is no evidence showing that this sale was made in accordance with the statute or no showing in the record attempting to supply the defect so as to show that the sale was held in compliance with law, the decision of the lower court holding that said·deed was void is in accordance with the decision just cited.

All of the citations, with one exception, cited by defendant in support of his contention, deals with resale tax deeds, while the deed under consideration is not a resale tax deed. For that reason said citations are not applicable.

The judgment of the lower court is affirmed.

LESTER, C. J., CLARK, V. C. J., and HEFNER, SWINDALL, ANDREWS, Mc-NEILL, and KORNEGAY, JJ., concur. RILEY, J., absent.