## SHARUM v. BERD.

No. 14261—Opinion Filed Nov. 6, 1923.

(Syllabus.)

**Taxation—Void Tax Deed—Right of Redemption.**
Where a tax resale has been made of property and a void deed has been delivered to the purchaser, the owner of the property may redeem the same under the provisions of section 9741, Comp. Stat. 1921, at any time before a valid conveyance is executed and delivered to the purchaser, and where a tender of the taxes, interest, penalties, and costs was made to the county treasurer after the execution and delivery of a void deed, but before a valid deed was executed and delivered to the purchaser, the county treasurer is without authority to execute a valid deed.

Error from District Court, Muskogee County; Enloe V. Vernor, Judge.

Action by Beatrice J. Berd against A. H. Sharum. Judgment for plaintiff, and defendant brings error. Affirmed.

Bonds & Brown, for plaintiff in error.

R. M. Mountcastle and Q. B. Boydstun, for defendant in error.

COCHRAN, J. This action was commenced by the defendant in error to quiet title to certain land in Muskogee county, Okla. The plaintiff in error asserted title to the property by reason of a tax resale made by the county treasurer of Muskogee county and a tax resale deed issued on February 27, 1922, and a second deed executed on January 9, 1923. Before the issuance of the second deed, the defendant in error tendered to the county treasurer the taxes, interest, penalties, costs, and all proper charges which had been paid for the land at the tax resale. An examination of the original deed discloses that it was void on its face under the holding of this court in Tibbetts v. Reynolds, No. 11834, decided Oct. 23, 1923 (pending on rehearing), and Pierce v. Barrett, No. 14278, decided Oct. 23, 1923, 93 Okla. —, 220 Pac. 652.

The only question necessary for determination is whether the owner of the land was permitted to redeem the land after the tax resale and after a void deed had been executed and delivered thereon, but before a deed valid on its face had been executed and delivered. If the owner had a right to so redeem it, a tender of the amount due having been made before the second deed was executed and delivered, the same was executed without authority and is void. Section 9741, Comp. Stat. 1921, provides:

"In case the owner of real estate or any person having any legal or equitable interest therein is desirous of redeeming the same from sale to the county for delinquent taxes, he shall have the right to do so at any time before such real estate is conveyed by deed to a purchaser upon a resale of such property as herein provided, by paying the county treasurer the amount

of all taxes, penalties, interest, and costs of sale up to the date of such redemption, and upon payment thereof the county treasurer shall give the person so redeeming a certificate of redemption and mark the same upon his sale record opposite the description of said real estate 'Redeemed,' and the certificate shall be of no validity until the same is countersigned by the county clerk."

It is our opinion that under this section of the statute the owner of the property has the right to redeem the property from the sale to the county at any time before a valid deed to such property is executed and delivered to the purchaser, and, in the event the resale has been made and a deed void upon its face has been executed and delivered, the owner of the property may redeem at any time prior to the execution of a valid conveyance.

It is our opinion that the judgment of the trial court should be affirmed.

McNEILL, V. C. J., and KENNAMER, NICHOLSON. and MASON, JJ., concur.