**PRICE v. MAHONEY et al.**

No. 24231.   Nov. 26, 1935.

Rehearing Denied Jan. 14, 1936.

Willingham & Fariss, for plaintiff in error.

Robt. J. Keevan and I. L. Harris, for defendants in error.

PER CURIAM.   Plaintiff in error, Mary E. Price, commenced this action against Annie G. Mahoney and John T. Phelan in the district court of Oklahoma county by filing her petition therein on April 23, 1930.   In her petition she alleges that she is the owner of the fee-simple title in and to lots 47 and 48, block 16, Walnut Grove addition to Oklahoma City, Okla., deraigning her title from the Wintrode Land Company, from whom she acquired a warranty deed in 1906.   After some preliminary pleadings, an amended petition was filed by plaintiff in error, Mary E. Price, on September 18, 1930.   To this amended petition the defendants filed their answer on October 2, 1930, upon which amended petition and answer the cause was tried to the court and a jury.   At the conclusion of the trial, the court dismissed the jury and rendered judgment on September 28, 1931, in favor of the defendants and against the plaintiff.   Motion for a new trial was duly filed by the plaintiff, overruled by the trial court, and said cause appealed to this court by said plaintiff, Mary E. Price.

For convenience, the parties will be referred to here as they appeared in the trial court.

In plaintiff's said amended petition she alleged, as in her original petition, that she was the owner and in possession of the lots above described, and had been since the year 1906; that on the 16th day of June, 1924, an instrument purporting to be a resale tax deed was issued by the county treasurer of Oklahoma county to defendant John T. Phelan, who afterwards conveyed the said lots to defendant Annie G. Mahoney, who appears to be his sister. Plaintiff alleges that the said instrument, in the general form of resale tax deed, is void on its face for various reasons; among others, that it is not on a form prescribed by the State Examiner and Inspector; that it does not contain the statutory recital to the effect that the property was subject to taxation for the year, or years, stated in the deed; that no year or years are stated in the deed; contains no recital that the property had been listed and assessed as provided by law; no recital that the taxes were levied according to law; that said deed shows upon its face that said county treasurer did not sell the property

for the whole amount of the taxes, penalties and costs; and many other alleged defects. Plaintiff tenders into court "all legal charges which may be by the court found due said defendants, or either of them," and prays the cancellation of said purported resale tax deed and the quieting of her title as to and against the defendants.

The defendants, in their answer, plead the same resale tax deed as the base of their title, saying that it was recorded on October 6, 1924; that they have been in possession since that time, and have improved the property since that time by placing thereon a two-room frame house and having the same plumbed and serviced with city water. Defendants say that, by reason of said deed and recording of same and their possession and improvement of the premises, they have title to the premises and that plaintiff is barred by the statutes of limitation, and ask that they go hence with their costs.

There was a great deal of testimony taken in the presence of the jury in regard to possession, all of which seems quite immaterial as to the main issues of the case and entirely unsatisfactory. The trial judge finally came to the conclusion that there was nothing in the case to submit to a jury, excused the jury, and passed on the case himself. In this we think the trial judge was correct. The judgment entered by the district judge not only denied plaintiff any relief, but quieted the title to the property in the defendant Annie G. Mahoney.

Various matters are mentioned and discussed in the briefs, but the whole matter seems to turn on the question of whether the resale tax deed in question was void upon its face. If the resale tax deed was not void upon its face, the statutes of limitation had run against the plaintiff's action. If the resale tax deed was void upon its face, it was a nullity; it set in motion no statute of limitation, and the plaintiff was entitled to redeem the property. Testimony shows that plaintiff's sister went to the office of the county treasurer of Oklahoma county, as agent and attorney in fact for plaintiff, Mary E. Price, on November 4, 1929, and offered to redeem the property from any due or delinquent taxes, and on that date paid to the county treasurer $6.40 and took a certificate of redemption as to tax years 1924, 1925, 1926, 1927, and 1928. Her offer to redeem, however, was not limited to any years, but was a general offer to pay any due or delinquent

taxes on said property and to redeem same from any tax sales. When plaintiff filed her petition and amended petition in the district court, she again made tender or offer to pay any taxes or charges which the court might find that she should pay in regard to such property. We, therefore, have in the record the offer and tender of plaintiff on November 4, 1929, to redeem the property, as made to the county treasurer, and the offer and tender made in the district court in her petition and amended petition. If the right of redemption still existed on November 4, 1929, and at the time of the filing of the case in the district court, plaintiff should be permitted to redeem. If, on the other hand, the right of redemption was cut off before November 4, 1929, plaintiff's offers and tenders were ineffective. The issuance of a tax deed fair on its face and based on proper jurisdictional prerequisites cuts off the right of redemption. The recording of a tax deed fair, not void, on its face, sets in motion the statute of limitations, and when the statutory period of time has elapsed, it cannot be attacked, though not based on proper jurisdictional prerequisites. The issuance of a tax deed void on its face does not cut off the right of redemption, and the recording of such a deed does not start in motion the statute of limitations.

It is very pertinent, therefore, to ascertain whether the resale tax deed in this case was void on its face.

In our opinion the tax deed is void on its face, possibly for many reasons, but it is sufficient for the purpose of this case to point out that the purported resale tax deed did not recite that, at the resale, the amount bid by the purchaser was sufficient in money to pay all taxes, penalties and costs, and did not contain the saving exception to the effect that the property undertaken to be conveyed by the resale tax deed consisted of vacant lots within the limits of a city or town.

In the case of Mahoney v. Estep et al., 171 Okla. 101, 38 P. (2d) 537, decided November 13, 1934, this court condemned another similar resale tax deed, held also by Annie G. Mahoney. The tax deed in that case appears to have been substantially the same as in this case, and it was held to be void on its face, this court there declaring:

"A resale tax deed must conform to the form prepared by the State Examiner and Inspector and recite that the property was sold for an amount equal to or greater than

the amount of taxes, penalties, interest and costs due on said tract of land, or, in lieu thereof, state that the property conveyed thereby consisted of a vacant lot located in a city or town."

We are of the opinion that the issuing of the void tax deed did not cut off the right of redemption and that the offer to redeem made to the county treasurer on November 4, 1929, as well as the offer to redeem made by plaintiff in her petition and amended petition in the trial court, cut off the right of the county treasurer to issue any other tax deed. See Sharum v. Berd, 96 Okla. 30, 220 P. 478.

Defendants are disposed to contend in their brief that the holding of this resale tax deed void on its face involves a too strict or too technical construction of the law; that the law should be liberally or loosely construed in aid of the tax deed. To this contention it is sufficient to say that such contentions and theories have been advanced before and definitely rejected by this court. The taking of taxes, or the taxpayer's property for taxes, is an involuntary exaction by the state, and the tax-gathering authorities must stay strictly within the provisions of the law authorizing the collecting of such taxes or the taking of such property. Nothing is to be indulged in their favor, or in favor of grantees of property sold for taxes and undertaken to be conveyed by the tax-gathering authorities. To this effect see Mahoney v. Estep, supra; and the following additional authorities: Lowenstein v. Sexton, 18 Okla. 322, 90 P. 410; Moore v. Mitchell, 30 Fed. (2d) 600, 65 A. L. R. 1354; City of Rochester v. Bloss (N. Y.) 7 Ann. Cas. 15 (and note): Board of County Commissioners v. Bank, (Kan.) 30 P. 22; City of Sapulpa v. Land, 101 Okla. 22, 223 P. 640, 35 A. L. R. 872; Henderson v. Langley, 173 Okla. 550, 49 P. (2d) 167.

Having reached the conclusion that the purported resale tax deed was void on its face, the trial court was in error in not so holding, and the case must be reversed.

However, another question remains to be disposed of. It appears that the holders of the tax deed, the defendants, after obtaining the tax deed, entered upon the lots and erected some improvements thereon. In defendant's brief in this court mention is made of some possible rights having accrued under this state of facts and under the Occupying Claimant's Statutes. We think the defendants do have some assert-able rights in this connection. They are also entitled to have refunded to them the taxes they paid on the lots, which plaintiff tendered into the court below, with interest at 6 per cent. from respective dates of payment of such taxes. The amount of these taxes does not appear in the record, and the value of the improvements does not appear in the record. Hence, these are matters to be taken care of in the trial court, under proper procedure, after the case has been remanded.

In the case of Elerick et al. v. Reed, 113 Okla. 195, 240 P. 1045, it was held that the holder of a tax deed, though invalid, or void on its face, who went into possession of the premises under such deed and placed valuable improvements thereon, was entitled to be reimbursed for such improvements under the Occupying Claimants' Statutes. The Occupying Claimants' Statutes are sections 742-748, O. S. 1931, and provide that when an occupying claimant has judgment rendered against him for possession of the lands occupied, opportunity shall be afforded him, in a subsequent supplementary proceeding, to make claim for, and to recover, the reasonable value of the improvements placed on the lands by him.

Since the rights of the parties, and the procedure to be followed, are set out in the statutes above indicated, and also somewhat illuminated and elucidated by the case of Reuck v. Green, 84 Okla. 131, 202 P. 790, it is neither necessary nor proper that this court in this opinion undertake to go into detail in regard to that matter. The matter should be left to be worked out by the parties under the jurisdiction and supervision of the trial court.

This cause is, therefore, reversed and remanded, with directions to the trial court to vacate the judgment heretofore rendered in this cause and enter a judgment in favor of plaintiff, Mary E. Price, quieting title in her as to and against the defendants, with suitable provision for her paying to the defendants the item or items of taxes paid by them on the premises in question, with 6 per cent. interest on such sum, or sums, from the date or dates of payment, and giving the defendants reasonable, legal opportunity to assert such rights as they may choose to assert under the Occupying Claimants' Statutes, and to take such other steps and proceedings as may be necessary and not inconsistent with the views herein expressed.

The Supreme Court acknowledges the aid

of Attorneys C. C. McCollum, Prentice E. Rowe, and J. B. Sowder in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and fact was prepared by Mr. McCollum and approved by Mr. Rowe and Mr. Sowder, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion was adopted.

McNEILL, C. J., and RILEY, BUSBY, PHELPS, and CORN, JJ., concur.