SHORES v. BERRY et al.

No. 31114. Nov. 14, 1944.

*153 P. 2d 94.*

Woodrow George and Stephen A. George, both of Ardmore, for plaintiff. in error.

Dolman, Dyer & Dolman, of Ardmore, for defendants in error.

HURST, J. This is a suit by Edgar Berry, Andrew Berry, and Nettie Berry Mann, as plaintiffs, to quiet title to a lot in the city of Ardmore. The defendant, Edward H. Shores, claims title under a resale tax deed issued pursuant to the 1939 tax resale. From a judgment in favor of the plaintiffs, the defendant appeals.

The material facts are as follows: At the time of her death in 1927, Marsaline Berry held a mortgage covering said lot. On March 7, 1931, the county court distributed to the plaintiffs said mortgage. The plaintiffs were then minors. Edgar became of age on November 11, 1941, Nettie became of age on August 1, 1940, and Andrew will become of age in September, 1945. The lot was sold to the defendant at the 1939 resale for $7.50. On October 23, 1940, the mortgagor conveyed the lot to the plaintiffs by quit-claim deed. On November 9, 1940, the plaintiffs attempted to redeem the lot from the tax sale, and the county treasurer issued to them a redemption certificate on payment by them of $12.73. the amount for which it was sold to Shores together with costs, fees, and interest as prescribed in section 14 of the 1939 resale act, 68 O. S. 1941 §432m. The amount of the tax liability then against the lot was $80.71. This suit was filed July 31, 1941.

The questions presented are (1) whether the plaintiffs had the right to redeem the lot from the resale, and (2) the amount necessary for them to pay in order to effect redemption. The statutes having a bearing on these questions are 68 O. S. 1941 §§432f, 432m, and 433a. The first two sections are a part of the 1939 resale law, and became effective April 15, 1939. Section 433a is section 3 of article 30 of chapter 66 of the 1939 Session Laws, and became effective May 10, 1939.

The plaintiffs argue that the right of the plaintiffs as minors to redeem is given by section 432f, and that the amount necessary to pay to redeem is fixed by section 432m, as construed in Roberts v. Newell, 187 Okla. 139, 101 P. 2d 824, at the amount for which it was sold at the resale together with interest, fees and costs as therein specified.

The defendant argues that minors and adults had the same, but no better,

right to redeem under section 432m, and that their right lapsed by their failure to redeem by December 1, 1939. He concedes that under other sections they very likely have the right to redeem, but does not refer to the statutes which give such right. We assume the defendant had in mind sections 432f and 433a. We will, therefore, confine our discussion to the second question.

We are of the opinion that plaintiffs have no rights under section 432m. That section, which was section 14 of the 1939 resale act, was intended to serve only a temporary purpose and to apply only to the 1939 resale, and the rights given thereby ceased to exist when not taken advantage of by December 1, 1939. It did not give minors or persons under disability any greater rights than it gave persons not under disability.

Section 432f, which was section 7 of the 1939 resale act, provides that "persons under legal disability shall have one year after removal of such disability within which to redeem said real estate," but is silent as to the amount necessary to be paid to redeem. Unlike section 432m, it was intended to have a continuing effect, and, since the 1939 resale act did not prescribe the amount required to be paid in order to effect redemption, we assume the Legislature had in mind that the general law then in effect, sections 12751 and 12757, O.S. 1931, would be looked to for the amount required to be paid to secure redemption. In fact, a provision similar to 432f giving infants a right to redeem was contained in both sections 12756 and 12757, O. S. 1931. Section 12756 was expressly repealed by section 17 of the 1939 resale act.

Section 433a provides that "infants, idots, and insane persons may redeem from taxes any real property belonging to them within one year after the expiration of such disability with interest and penalty at not more than ten per cent per annum." The section, which is section 3 of article 30 of chapter 66, page 543, of the 1939 Session Laws, applies to lands sold both to individuals and to the county. It superseded sections 12751 and 12757, O. S. 1931, which were expressly repealed by section 8 of the act. See S. L. 1939, page 545, §8. As to land sold to individuals, the amount necessary to redeem under section 433a is "the sum paid to the county for such certificates and all taxes paid and endorsed thereon, together with interest thereon at the rate of 8 per cent per annum from date of sale or purchase thereof from the county, and interest at the rate of 8 per cent per annum on taxes endorsed on such certificate from the date of each endorsement, and in addition thereto costs provided in this article, for the use of the owner of the certificate of such sale." While it is true, as argued by plaintiffs, that this section specifically mentions the owner of a tax sale certificate and does not mention the purchaser at a resale, yet we think it is also applicable to property sold to individuals at resale, since we find no other statutory provision which expressly applies in such a situation. The Legislature did not expressly give the right of redemption in the case of resales after the execution of resale deeds except in favor of persons under disability. It assumed that resales would be conducted in accordance with the law, in which event no redemption is recognized except by persons under disability. It did provide, however, that in the event of the invalidity of the resale, the former owner must comply with the tender statute (68 O. S. 1941 §455) by tendering and paying "all taxes, interest, penalties, costs and expenses."

We are of the opinion, and hold, that the right of the plaintiffs to redeem is governed by section 432f and 433a, and that the amount necessary for them to pay to redeem is governed by section 433a, and is the same as that required where a tax sale certificate is held by an individual.

While section 433a fixes the amount of the redemption money at the "sum paid to the county for such certificate," etc., such amount was in-

variably the total amount of the tax liability. 68 O. S. 1941 §§384, 411. We are the of the opinion that the Legislature intended that persons entitled to redeem must, on redeeming land from tax resale, pay the full amount of the tax liability, which is the amount of unpaid taxes, interest, penalty and costs standing against the land at the time of the resale, together with subsequently accruing taxes, interest and penalty, together with interest at the rate of 8 per cent per annum on such sums, together with the costs prescribed by statute. As to such amount, the rights of persons under disability are the same as those not under disability.

It follows that, since the plaintiffs failed to pay the required amount, their attempted redemption is not effective, and they were not entitled to judgment quieting their title. But, since the defendant does not question their right to redeem, they should be given a reasonable time within which to do so.

We intimate no opinion as to what disposition should be made of the redemption money, since the county is not a party to this cause and the question is not properly before us.

Reversed, with directions to vacate the judgment appealed from, and to proceed in accordance with the views herein expressed.

CORN, .C.J., and OSBORN, BAYLESS, WELCH, DAVISON, and ARNOLD, JJ., concur. GIBSON, V.C.J., concurs in conclusion.