RITZINGER v. MONK.

No. 33513. Nov. 22, 1949.

*211 P. 2d 1020.*

George H. Shirk and Gilliland, Ogden, Withington, Shirk & Vaught, all of Oklahoma City, for plaintiff in error.

Walter Mathews, of Cushing, for defendant in error.

HALLEY, J. This is the second appeal of this case. The land involved is a residence in the city of Heavener, Okla. G. A. Ritzinger had acquired title to this property, and on July 15, 1940, entered into an agreement in writing whereby he agreed to sell the property to Gladys Stone and Jim Monk, Jr. The consideration was $1,000, payable $250 in cash and the balance in monthly payments of $25 each. The contract provided that the purchasers were to pay all taxes and assessments levied against the premises after the execution of the contract. They defaulted in their payments, and G. A. Ritzinger filed a suit to cancel the contract of sale and for possession. The defendants filed a counterclaim for the recovery of the amount paid under the contract. The judgment canceled the contract and awarded plaintiff possession, but denied the defendants any relief under their counterclaim. They appealed to this court, and the opinion is reported in Stone et al. v. Ritzinger, 194 Okla. 653, 153 P. 2d 1006. This court upheld the lower court in the cancellation of the contract, but reversed the lower court wherein plaintiff was allowed to retain all the money paid to him under the contract. The case was remanded with directions to enter judgment canceling the contract, and to allow the defendants the amount paid in, less the damages found to have resulted to the plaintiff in the breach of the contract, including reasonable rental value of the premises.

While the case was pending in this court, and on January 26, 1944, Dessie Monk, the mother of Gladys Stone and Jim Monk, Jr., applied to the county treasurer for a tax deed, having been assigned a certificate from the county for the 1941 tax sale, whereby the property involved was sold to the county. The county treasurer, on January 26, 1944, issued a certificate tax deed to Dessie Monk, but it failed to recite that it was bid in for the county because there were no other bidders. When this deed was placed of record, G. A. Ritzinger secured an order making Dessie Monk a party to this action. He sought the cancellation of the tax deed to Dessie Monk on the ground that it was void on its face. The defendant Dessie Monk applied for a correction deed, and contended that the correction deed should be issued to her and that the same would revert back to the time that the original deed was issued. The evidence on this question showed that the plaintiff, Ritzinger, had offered to redeem the property after Dessie Monk had recorded her void tax deed, by making proper tender to the county treasurer, and that his offer was rejected, and that he tendered into court the full amount necessary to redeem the property when he answered the pleading of Dessie Monk, and that his tender to the county treasurer was made before Dessie Monk had applied for her correction deed, and that he had made her a party to his suit to cancel contract before her application for said correction deed. No correction deed was ever issued to Dessie Monk.

The trial court entered judgment holding that Dessie Monk had a right to a correction deed and to possession of the property. From this judgment, plaintiff has appealed. Gladys Stone and Jim Monk, Jr., are not parties to this appeal.

The question of whether the deed that was originally issued to Dessie Monk

by the county treasurer was void or valid was settled in the case of Thompson v. Yates, 184 Okla. 86, 85 P. 2d 415, wherein we held that such a deed is void on its face because it failed to recite that there were no other bidders at the tax sale, since such a recital is necessary to show the right of the county to purchase the property. This rule has been announced in a number of subsequent decisions.

The question remains, then, as to whether or not a valid tender by the record owner cuts off the right to a correction deed. This right is clear under section 433a, Title 68, O.S. 1941, which re-enacts and enlarges section 9741, Comp. Stat. 1921, and section 12751, O.S. 1931, as it provides, among other things, that the owner of real estate may redeem from the lien resulting from tax sale at any time before the execution of a deed of conveyance thereof by the county treasurer. We have held that a deed means a "valid deed", and that a deed void on its face is a nullity. One of the earlier cases is that of Gulager v. Coon, 93 Okla. 62, 218 P. 701, which holds that the right to redeem was not precluded by the execution of a void tax deed. The same rule is announced in Sharum v. Berd, 96 Okla. 30, 220 P. 478, wherein we referred to section 9741, Comp. Stat. 1921, and stated:

"It is our opinion that under this section of the statute the owner of the property has the right to redeem the property from the sale to the county at any time before a valid deed to such property is executed and delivered to the purchaser, and, in the event the resale has been made and a deed void upon its face has been executed and delivered, the owner of the property may redeem at any time prior to the execution of a valid conveyance."

The same rule was announced in Price v. Mahoney, 175 Okla. 355, 53 P. 2d 257. These cases all involve resale tax deed, but we think that section 433a, supra, applies just as much to a certificate sale as it does to a resale, as it refers specifically to instances where the tax sale certificate is held by an individual purchaser, as in the case at bar.

The trial court relied on the case of McCullough v. Young et al., 198 Okla. 96, 175 P. 2d 322, but that case is distinguishable from the case at bar on at least three points: First, no correction deed was ever issued in the case at bar, while in McCullough v. Young, such a deed was issued and in the possession of the purchaser before she had to plead to the second amended petition; and second, the McCullough case does not reflect that proper tender was made to the county treasurer, as was done in this case; and, third, the question of the right of redemption was not raised and passed on in that case, as in the one now before us.

We conclude that the right of redemption was not cut off by the issuance of a tax deed void on its face, and that the offer of G. A. Ritzinger to redeem the property prior to the execution of a valid correction deed entitled him to a redemption certificate, as provided in sections 433a, 433b, and 433c, of Title 68, O.S. 1941, relieving the property from an apparent lien in favor of the holder of a tax certificate.

In view of this holding, we do not think it necessary to discuss the other question raised by the plaintiff. The case is reversed and remanded, with directions to the trial court to enter a judgment instructing the county treasurer to accept the tender of G. A. Ritzinger and to issue a proper redemption certificate, and quieting title to the land in G. A. Ritzinger as against any right, title or claim existing in Dessie Monk.