## PETROVICS v. BROWN.

No. 33509. June 12, 1951.

Rehearing Denied Sept. 25, 1951.

*235 P. 2d 708.*

Winfield Scott and H. R. Christopher, Enid, for plaintiff in error.

Elam & Crowley, Enid, for defendant in error.

PER CURIAM. The plaintiff, J. Floyd Brown, resting his claim of title upon a county treasurer's resale deed, recovered judgment quieting title to real estate. The property is described as follows:

"The North Twenty-five (25) feet of the South Fifty (50) feet of Lots One (1), Two (2), Three (3), Four (4), Five (5), and Six (6), in Block Thirty-four (34) in the original townsite of the City of Enid, Oklahoma."

The defendant, Liebfried Petrovics, the record owner of the land at the time of resale, asserts error.

The defendant contends that the resale tax deed was not a valid deed on its face and was not a sufficient deed ·on its face, and that therefore he had the continued right of redemption, and that proper tender and offer of redemption was made by him.

The rule has been established that until a resale tax deed, valid on its face, has been issued and delivered, the landowner has the right to redeem from the tax sale and tax resale. See Gulager v. Coon, 93 Okla. 62, 218 P. 701; Sharum v. Berd, 96 Okla. 30, 220 P. 478; Price v. Mahoney, 175 Okla. 355, 53 P. 2d 257, and Ritzinger v. Monk, 202 Okla. 228, 211 P. 2d 1020.

Therefore, as we view it, the controlling question in this case is whether the resale tax deed is valid on its face. An examination of this resale tax deed discloses that it is sufficient in form if it correctly or sufficiently describes the real estate involved in this action and the real estate involved in the tax sale.

The resale tax deed describes the property conveyed as follows:

"Enid, Original Addition to the North Twenty Five Feet of the South Fifty Feet of Lots, 1 to 6 Block 34, Amount (Bid on Each) $138.08, Enid, Okla. Total $138.08."

Certainly, this resale tax deed does not correctly describe the property involved in this action, and we are convinced that the deed does not sufficiently describe the land involved. The land involved is a part of the original townsite of the city of Enid, and is located in lots 1 to 6, inclusive, in block 34, while the resale tax deed would seem to describe premises lo-

cated in one of the several additions to the city of Enid referred to as the "Original Addition."

It may be that each addition to Enid, or that one or more of such additions, had block numbers up to 34, and of course lot numbers from 1 to 6, but there is no showing on those points in the record. We think, however, that in Oklahoma the distinction between an original townsite and one of the several named additions thereto is well known, and that such distinction has always been preserved, and a deed purporting to convey lots in an addition to one of the cities or towns of Oklahoma could not be said to be a conveyance sufficient on its face to convey property located in the original townsite of such city or town.

We conclude that the contention of the defendant is well taken and that the resale tax deed is not valid on its face for lack of sufficient description of the property involved in this action and sought to be sold at tax sale and resale.

There appears to be no question but that the defendant made proper and timely offer and tender of taxes and penalty, and timely and proper offer of redemption; therefore, the trial court should have permitted redemption from the tax sale and resale.

Therefore, the judgment for the plaintiff is reversed, and the cause remanded, with directions to permit defendant to redeem the land involved in this action from the tax sale and resale, and directions to cancel this purported tax resale deed, upon such redemption by the defendant, the former owner of the land.

CORN, GIBSON, HALLEY, and JOHNSON, JJ., concur. LUTTRELL, V. C. J., and DAVISON and O'NEAL, JJ., dissent.