THOMPSON v. KASNER et al.

No. 34247.   Oct. 2, 1951.

Rehearing Denied Nov. 6, 1951.

*237 P. 2d 147.*

Robinson, Shipp & Robertson, Oklahoma City, for plaintiffs in error.

Jim Barnett, Oklahoma City, for defendants in error.

O'NEAL, J.   This is an appeal from a judgment and decree of the district court of Oklahoma county in an action commenced by defendant in error M. Kasner, hereinafter referred to as plaintiff, to quiet title and to possession of a parcel of real property designated as lot 17, block 7, Phillips & Meade East Side Addition to Oklahoma City.

The action was originally filed in the trial court under the style of Kasner v. Abelena et al.   It involved a number of properties acquired by plaintiff at tax sale.   The case was later redocketed as several different cases.   The controversy as to the property here involved was redocketed as case No. 112184.   The issues as to case No. 112184 were finally formed by plaintiff's third amended petition and the answer of defendant, Temple G. Thompson, and an amendment to said answer.

Plaintiff, in his third amended petition, alleged, in substance, that he was the owner and entitled to possession of said property, describing it, by virtue of a resale tax deed dated May 23, 1944; that defendant, Temple G. Thompson, was in possession of said property claiming title under a 1939 resale tax deed; that after the 1944 resale plaintiff Kasner and defendant, Thompson, entered into an agreement by which plaintiff Kasner paid Thompson $75 for a quitclaim deed executed by Thompson, individually, and as attorney-in-fact for defendant R. O. Prim; that said agreement was made upon Thompson's representations that he had previously quieted his title under his 1939 tax deed and would deliver an abstract of title; that later plaintiff Kasner learned that Thompson's representations were false and demanded and received the return of the $75 and executed and delivered to Thompson a quitclaim deed covering said property; that said quitclaim deed was intended only to restore to Thompson the interest received by Kasner from Thompson and Prim by their quitclaim deed to him, and that said interest had been canceled and eliminated by the 1944 resale; that thereafter (May 23, 1944) plaintiff Kasner obtained a resale tax deed from the county treasurer and recorded it; that thereafter (February 8, 1946) Thompson recorded the quitclaim deed from Kasner to him for the purpose of clouding plaintiff's title and to make it appear that Kasner had conveyed to Thompson all his title to such property, including the title plaintiff had received under the 1944 resale,

when in truth and in fact plaintiff had not intended so to do.

In the second cause of action plaintiff attempted to deraign the title through Leon S. Hirsh but this was abandoned when, at the trial, it developed that Thompson had quieted his title as against Hirsh prior to the date of the deed from Hirsh to Kasner. It was agreed that the right of Thompson was superior to the right of Hirsh.

The answer of defendant, Thompson, alleged that the 1944 resale tax deed to Kasner was void for four reasons, only one of which defendant considers as material here; that is, that the property was assessed, taxed and sold as improved property, when in fact it was unimproved.

In the alternative it was alleged that if the resale tax deed to plaintiff Kasner was valid, Kasner had conveyed all title acquired by said resale tax deed to Thompson, by his quitclaim deed on May 20, 1944.

By amendment to his answer defendant, Thompson, assailed the validity of plaintiff's resale tax deed and asserted his right to have same canceled, vacated and set aside for the reason that prior to the execution and delivery of said resale tax deed, and on or about May 16, 1944, defendant, Thompson, tendered to the county treasurer a sum sufficient to pay all taxes, penalties, interest and costs chargeable to the property here involved, and sufficient to redeem said property from any and all tax sales; that through inadvertence or mistake the county treasurer failed to effect such redemption, or to take any action upon defendant's tender, and on May 23, 1944, executed and delivered to Kasner the resale tax deed involved herein.

At the trial, and in the briefs on this appeal, considerable space is devoted to the apparent conflict as to the reason for and the effect of the exchange of deeds above mentioned. Whatever the intention of the parties was as to the effect and delivery of the quitclaim deed of Kasner to Thompson, the effect must depend upon whether Kasner's resale tax deed was void. If said resale tax deed was invalid, then Kasner had no interest to convey, and could convey no interest in the property by the quitclaim deed. The trial court, in effect, held the resale tax deed valid and entered judgment for plaintiff Kasner.

Defendant, Thompson, presents his argument under two propositions:

(1) That Kasner conveyed to Thompson all of his title to the property involved, whatever such title may have been, by his quitclaim deed dated May 20, 1944;

(2) That in 1944 tax resale as to the property involved was void and plaintiff acquired no title thereunder.

It is first contended by plaintiff in error, under proposition II that the resale tax deed was void for the reasons (a) that prior to the execution and delivery of the resale tax deed defendant, Thompson, tendered to the county treasurer the full amount of all taxes, interest, penalties and costs; (b) the property involved was assessed and sold as improved property, whereas and, in fact, it was unimproved.

The record and uncontradicted evidence in this case shows that the resale of the property here involved was made on May 16, 1944; that on the same day, after the sale, and seven days before the resale deed was executed and delivered to plaintiff Kasner, defendant, Thompson, in person, delivered to the county treasurer a letter as follows:

"Zone 2

"May 16, 1944

"County Treasurer of Oklahoma County,

"Court House,

"City.

"Dear Sir:

"Enclosed please find my check No. 6847 which please use to pay all taxes

and assessments against the following described property and further use same to redeem all of said property from any and all tax sales.

| Lots | Block | Addition to Oklahoma City |
|------|-------|---------------------------|
| 28 to 32 both Inc. | "A" | Putnam Heights Addition |
| 41-42 | 27 | " " " |
| 42-43 | 33 | " " " |
| 58 | 38 | " " " |
| So. 87½ of W. 10′ of 17 | 7 | Grandview Addition |
| 17 | 7 | Phillips & Meade East Side Addition |

Very truly yours,

Temple G. Thompson."

"MW:HN
"Encl.

At the same time and in connection with said letter defendant, Thompson, delivered to the county treasurer a check on the Liberty National Bank of Oklahoma City made payable to the county treasurer of Oklahoma county, signed by Temple G. Thompson with the amount left blank. The county treasurer accepted said check and thereafter issued redemption certificates and tax receipts for each and all of the separate tracks of land described in said letter, except said lot 17, block 7, Phillips & Meade East Side Addition, and filled out the amount of the check in the sum of $381.23, the amount necessary to redeem all the tracts of land described in said letter, except said lot 17, block 7. The check was honored and paid when presented to the Liberty National Bank.

It is clear that the county treasurer, by inadvertence, oversight, or mistake, overlooked the request and demand as to said lot 17, block 7, Phillips & Meade East Side addition, and thereafter on May 23, 1944, issued the resale tax deed to plaintiff Kasner. It is equally clear that except for the inadvertence, oversight, or mistake of the county treasurer the lot in question would have been redeemed from the resale before said resale tax deed was issued.

In Payne v. Terrell, 195 Okla. 589, 159 P. 2d 539, it is held:

"Where the county treasurer issues to a taxpayer a tax statement showing therein all delinquent taxes, and the taxpayer has in good faith tendered payment of such taxes as shown to be delinquent pursuant to such statement at a time after the property has been sold at resale but before the execution of the tax deed, the taxpayer is entitled to have the tax sale set aside on equitable considerations upon full payment of the taxes, interest, penalties and costs."

In Grimes v. Carter, 185 Okla. 469, 94 P. 2d 544, it is held:

"That the taxpayer had done all the law required of her in the payment of her taxes and that such acts on her part created a sufficient equitable right to cancel such resale tax deed and the one-year limitation period provided by sections 12756, O.S. 1931 (68 Okla. St. Ann. §415) and 12763, O.S. 1931 (68 Okla. St. Ann. Sec. 455), does not operate as a bar to such action under the circumstances involved herein."

In the latter case, the owner of the property there involved went to the office of the county treasurer and tendered him, or one of his authorized deputies, $20 and told him she desired to redeem the property from tax sale. The officer gave her a redemption certificate for the years 1925 and 1926 charging her only $5, a part of which was redemption fee, and advised her that she had redeemed her property, and that there were no other outstanding taxes due on same. The officer overlooked delinquent taxes for 1923-24, and a resale was later held and a resale tax deed was issued for the 1923-24 taxes. Judgment and decree of the trial court was cancellation of the resale tax deed, and said decree was affirmed.

68 O. S. 1941 §433a provides:

"The owner of any real estate sold for taxes, or any person having a legal

or equitable interest therein, may redeem the same from the lien resulting from tax sale at any time before the execution of a deed of conveyance therefor by the county treasurer. . . ."

In Shores v. Berry, 194 Okla. 458, 153 P. 2d 94, in construing said section, this court said:

"While it is true, as argued by plaintiffs, that this section specifically mentions the owner of a tax sale certificate and does not mention the purchaser at a resale, yet we think it is also applicable to property sold to individuals at resale, since we find no other statutory provision which expressly applies in such a situation."

The only way which plaintiff attempts to meet this contention is that defendant failed to make sufficient tender. But in cases of this kind no tender is necessary. It was so held by the Supreme Court of the United States in DuBois, Lessee, v. Hepburn, 9 L. Ed 325.

Under the cases above cited, and Martin v. Bodovitz, 194 Okla. 614, 153 P. 2d 825, and Alexander v. James, 195 Okla. 309, 157 P. 2d 456, defendant was entitled to have the resale tax deed here involved canceled and set aside.

What we have said makes it unnecessary to consider the effect of the so-called exchange of quitclaim deeds and also makes it unnecessary to consider the question of whether the land was improved or unimproved.

The judgment is reversed, with directions to enter judgment for defendant, Temple G. Thompson.

HALLEY, V.C.J., and WELCH, CORN, GIBSON, DAVISON, JOHNSON, and BINGAMAN, JJ., concur.

Rehearing Denied Nov. 6, 1951.