REVENUE AND TAXATION Under 68 O.S. 1305 [68-1305](c) (1976), baling wire and baling twine is exempt from the imposition of State sales tax as equipment which is "part of a system to be used directly on a farm or ranch in the production, feeding, cultivation, planting, sowing, harvesting, processing, spraying, preservation or irrigation of any livestock, poultry, agricultural or dairy products produced from such lands." The Attorney General has considered your opinion request wherein you ask the following question: "Is baling wire and twine purchased by a farmer for use directly on his farm in the production of agricultural products exempted from the state sales tax?" Title 68 O.S. 1305 [68-1305](c) (1976) provides, in part, as follows: "In addition to other transactions exempt from the sales tax levied under 68 O.S. 1304 [68-1304] of the Oklahoma Sales Tax Code, there shall also be exempt from such tax the gross proceeds from the sale of farm machinery and repair parts thereto to be used directly on a farm or ranch in the production, cultivation, planting, sowing, harvesting, processing, spraying, preservation or irrigation of any livestock, poultry, agricultural or dairy products produced from such lands." The object of construing a statute is to reach the true intent and meaning of the Legislature. Becknell v. State Industrial Court, Okl., 512 P.2d 1180, 1183 (1973). Generally, tax statutes are strictly construed against the State. Sherill v. Deisenroth, Okl., 541 P.2d 862 (1975). However, this does not apply to tax exemptions. Phillips Petroleum Company v. Oklahoma Tax Commission, Okl.,542 P.2d 1303 (1975). Legislative intent will be presumed to have been for the benefit of those affected, and not to their injury. The Legislature will not be presumed to have intended an absurd result, and a statute should be given a sensible construction, bearing in mind the evils intended to be avoided or the remedy afforded. AMF Tubescope Company v. Hatchel, Okl., 547 P.2d 374, 379 (1976). Due to the question that arose in the defining of the scope of the term "farm machinery" in 68 O.S. 1305 [68-1305](c), the Legislature in 1977 enacted House Concurrent Resolution No. 1017, setting forth a definition of "farm machinery". While it does not have the force of law, a concurrent resolution is an important guide to determining the intent of the Legislature. House Concurrent Resolution No. 1017 provides, in part, as follows: "The term 'farm machinery' for the purpose of sales tax exemptions, as used in 68 O.S. 1305 [68-1305](c) means any equipment, which is sold as a single complete manufactured unit or as a part of a system to be used directly on a farm or ranch in the production, feeding, cultivation, planting, sowing, harvesting, processing, spraying, preservation or irrigation of any livestock, poultry, agricultural or dairy products produced from such lands." (Emphasis added) In Attorney General's Opinion No. 74-134 (7 Okl.Op.A.G. 40), dated May 28, 1974, the following language appears: "In drafting 68 O.S. 1305 [68-1305](c) the Legislature obviously intended to broadly define 'farm machinery' in order to grant a meaningful exemption to Oklahoma farmers." Applying the principles of statutory construction, the result is clear. Baling wire or twine is an essential part of "a system . . . used directly on a farm or ranch in the . . . harvesting, processing . . . or preservation . . . of any . . . agricultural . . . products produced from such lands." It is readily apparent that a baling machine could not function in the manner in which it was intended without the wire or twine to bind the bales. It is, therefore, the opinion of the Attorney General that your question be answered in the affirmative. Under 68 O.S. 1305 [68-1305](c) (1976), baling wire and baling twine is exempt from the imposition of State sales tax as equipment which is "part of a system to be used directly on a farm or ranch in the production, feeding, cultivation, planting, sowing, harvesting, processing, spraying, preservation or irrigation of any livestock, poultry, agricultural or dairy products produced from such lands." (PAUL C. DUNCAN) ** SEE: OPINION NO. 78-193 (1978) ** ** SEE: OPINION NO. 78-241 (1978) ** ** SEE: OPINION NO. 88-033A (1988) **