REVENUE AND TAXATION
Diesel fuel, when purchased by a farmer or rancher for use directly on his farm in the production of agricultural products, is exempted from the state sales tax. The Attorney General has considered your opinion request wherein you ask the following question: "Is diesel fuel, when purchased by a farmer or rancher for use directly on his farm in the production of agricultural products exempted from the sales tax?" Title 68 O.S. 1305 [68-1305](c) (1977) provides, in part, as follows: "In addition to other transactions exempt from the sales tax levied under Section 1304 of the Oklahoma Sales Tax Code, there shall also be exempt from such tax the gross proceeds from the sale of farm machinery and repair parts thereto to be used directly on a farm or ranch in the production, cultivation, planting, sowing, harvesting, processing, spraying, preservation or irrigation of any livestock, poultry, agricultural or dairy products produced from such lands . . . ." The object of construing a statute is to reach the true intent and meaning of the Legislature. Becknell v. State Industrial Court, Okl., 512 P.2d 1180, 1183
(1973). Generally, tax statutes are strictly construed against the State. Sherrill v. Deisenroth, Okl., 541 P.2d 862
(1975). However, this does not apply to tax exemptions. Phillips Petroleum Company v. Oklahoma Tax Commission, Okl., 542 P.2d 1303 (1975). Legislative intent will be presumed to have been for the benefit of those affected, and not to their injury. The Legislature will not be presumed to have intended an absurd result, and a statute should be given a sensible construction, bearing in mind the evils intended to be avoided or the remedy afforded. AMF Tubescope Company v. Hatchel, Okl., 547 P.2d 374,379 (1976) Due to the question that arose in the defining of the scope of the term "farm machinery" in 68 O.S. 1305 [68-1305](c), the Legislature in 1977 enacted House Concurrent Resolution No. 1017, setting forth a definition of "farm machinery". While it does not have the force of law, a concurrent resolution is an important guide to determining the intent of the Legislature. House Concurrent Resolution No. 1017 provides, in part, as follows: "The term 'farm machinery' for the purpose of sales tax exemptions, as used in 68 O.S. 1305 [68-1305](c) means any equipment, which is sold as a single complete manufactured unit or as a part of a system to be used directly on a farm or ranch in the production, feeding, cultivation, planting, sowing, harvesting, processing, spraying, preservation or irrigation of any livestock, poultry, agricultural or dairy products, produced from such lands." (Emphasis added) In Attorney General's Opinion No. 74-134 (7 Okl.Op.A.G. 40), dated May 28, 1974, the following language appears: "In drafting 68 O.S. 1305 [68-1305](c) the Legislature obviously intended to broadly define `farm machinery' in order to grant a meaningful exemption to Oklahoma farmers . . . ." In Attorney General's Opinion No. 77-252, dated October 7, 1977, the Attorney General held: ". . . Under 68 O.S. 1305 [68-1305](c) (1976), baling wire and baling twine is exempt from the imposition of state sales tax as equipment which is `part of a system to be used directly on a farm or ranch in the production, feeding, cultivation, planting, sowing, harvesting, processing, spraying, preservation or irrigation of any livestock, poultry, agricultural or dairy products produced from such lands.' " In support of this decision, it was stated in the body of Attorney General's Opinion No. 77-252: ". . . Baling wire or twine is an essential part of 'a system . . . used directly on a farm or ranch in the . . . harvesting, processing . . . or preservation . . . of any . . . agricultural . . . products produced from such lands.' It is readily apparent that a baling machine could not function in the manner in which it was intended without the wire or twine to bind the bales." Since the Oklahoma Legislature has convened since the issuing of Attorney General's Opinion No. 77-252 and did not amend either 68 O.S. 1305 [68-1305](c) or pass a resolution indicating its disapproval of the Attorney General's Opinion, then such silence may be regarded as acquiescence in or approval of the Attorney General's decision. Peterson v. Oklahoma Tax Commission, 395 P.2d 388 (Okl. 1964). Subsequently the Attorney General addressed himself to a similar issue in Opinion No. 78-193, dated June 30, 1978, wherein he held as follows: ". . . The provisions of 68 O.S. 1305 [68-1305](c) (1971) exempts the following: (1) factory manufactured grain storage facilities, when purchased as a single complete unit by a farmer or rancher to be used to store the production from that farm, (2) building materials, used for the on-farm construction of grain storage facilities, when used for the storage or production of agricultural commodities produced from such farm or ranch, and (3) all specialized facilities such as dairy barns, confinement swine and cattle feeding facilities, when used in the production, cultivation, planting, sowing, harvesting, processing, spraying, preservation or irrigation of any livestock, poultry, agricultural or dairy products produced from such lands." Since the issuance of Opinions No. 77-252 and 78-193, there have been several inquiries as to whether various items qualified for the exemption. Although not specifically set out in either of the prior two opinions, it is the Attorney General's opinion that in order to qualify for an exemption, the item must be purchased by a farmer or a rancher. Even when purchased by a farmer or rancher, the equipment must be inherently agricultural in nature or be equipment that will be directly incorporated into an inherently agricultural building, machine or system. Your inquiry now deals with the use of diesel fuel purchased by a farmer or rancher to be used directly on his farm in the production of agricultural products. The rationale used in arriving at Attorney General's Opinions No. 77-252 and 78-193 is controlling in this instance. Further, diesel fuel clearly meets the test set out in the preceding paragraph. If baling wire or baling twine is an essential part of the baling machine, then clearly diesel fuel used to power such a machine is of at least equal, if not greater, value to the operation of such equipment. Under 68 O.S. 1305 [68-1305](c) (1977), it appears that diesel fuel would be exempt from the imposition of state sales tax as equipment which is "part of a system to be used directly on a farm or ranch in the production, feeding, cultivation, planting, sowing, harvesting, processing, spraying, preservation or irrigation of any livestock, poultry, agricultural or dairy products from such land." It is, therefore, the opinion of the Attorney General that your question be answered in the affirmative. Diesel fuel, when purchased by a farmer or rancher for use directly on his farm in the production of agricultural products is exempted from the state sales tax. (PAUL C. DUNCAN) (ksg)